CAROLINA KOST, Petitioner and Appellant, v. SHERIDAN COUNTY, a Municipal Corporation, Defendant and Respondent.

(179 N. W. 703.)

**Infants — application for mother's pension denied where applicant had not resided in county for a year.**

A mother made application by petition for the allowance of a mother's pension under chapter 185, Session Laws of 1915. Under stipulated facts it appeared that she had been voluntarily absent from the county in which the application was made for more than a year previous thereto, and that she had taken up her residence in another county where she had lived for more than a year. It is *held:*

1. Under ¶ 5 of § 2 of chapter 185, Sessions Laws of 1915, an applicant for a mother's pension must have resided in the county for one year.

**Infants — statutory period applies only to those not residing in county for year immediately before applying for mother's pension.**

2. The provisions of ¶ 4 of § 2501, Comp. Laws 1913, which, in determining the period of residence in a given county, direct the exclusion of periods spent as inmates in public institutions, and each month during which poor relief was received from any county, apply only with respect to persons who have not resided in any one county for the period of a year immediately preceding the application.

**Domicil — residence in given county is lost by voluntary absence therefrom for a year or more.**

3. Under ¶ 6 of § 2501, Comp. Laws 1913, the residence of an individual in a given county is lost by voluntary absence from the county for one year or more, regardless of the receipt by such person of poor relief during a part of the period of absence.

Opinion filed October 16, 1920.

Appeal from the district court of Sheridan County, *Nuessle, J.* Affirmed.

*J. H. Ulsrud,* for petitioner and appellant.
*Frank I. Temple,* for defendant and respondent.

BIRDZELL, J. By petition dated December 16, 1916, the appellant, Carolina Kost, presented to the county court of Sheridan county an application for the allowance of a mother's pension under chapter 185, Session Laws of 1915. The petition was denied and an appeal was taken to the district court, wherein the order of the county court denying the petition was affirmed. The matter was presented on stipulated facts, which, so far as material, may be briefly stated as follows:

Carolina Kost is a widow and the mother of five children under fourteen years of age and one child over fourteen. The children under fourteen years of age are dependent upon the mother for support. Prior to September 29, 1915, the petitioner had resided in Sheridan county, but on that date she moved with her family to the village of Anamoose in McHenry county where she has ever since been living. Upon moving to Anamoose she had money and property valued at about $800. With some of this she purchased a house and lot which she still owns. She intends to remain permanently in the village of Anamoose.

During the month of June, 1916, and at various times thereafter until October 31, 1916, the petitioner received aid as a poor person from

the county of Sheridan and after the 31st of October, 1916, she received aid and relief from McHenry county. The sole question presented upon this appeal, is as to whether or not the petitioner's residence, for the purpose of applying the Mothers' Pension Act, is in the county of Sheridan.

Paragraph 5 of § 2 of the Mothers' Pension Act (Sess. Laws 1915, chap. 185) provides that no person shall receive benefit under the act who shall not have been a resident of the county in which the application is made for at least one year previous to the making of such application. By another section the residence is required to be stated in the application. Section 7 declares that the act is intended to supplement existing laws for the aid of the poor and is enacted for the specific purpose of furnishing permanent aid to mothers who come under its provisions. The difficulty arises upon a construction of the residence provisions of the statute above referred to in conjunction with § 2501, Comp. Laws 1913, regulating the residence of persons for purposes of applying the poor relief statutes.

The contention of the appellant is that the term "residence" as used in the Mother's Pension Law means a residence such as would fix the liability of a county for relief and support as the same is defined in § 2501, Comp. Laws 1913. Subdivision 4 of the section last referred to provides that "each male person and each unmarried female over the age of twenty-one years, who shall have resided one year continuously in any county in this state, shall thereby gain a residence in such county."

But it is further provided as follows:

"Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year. The time during which a person has been an inmate of a hospital, poor house, jail, prison or other public institution and each month during which he has received relief from the poor fund of any county, shall be excluded in determining the time of residence hereunder."

The proposition of appellant's counsel is that the period of time during which the applicant received poor relief from Sheridan county and from McHenry county must be deducted in computing the year's residence in McHenry county, from which it would follow that the appli-

cant was still, at the time of petitioning, a resident of Sheridan county. Assuming that this statute is applicable in determining residence under the Mothers' Pension Act, we do not construe it as appellant's counsel does. Both ¶¶ 4 and 6 of § 2501, Comp. Laws 1913, bear unmistakable evidence of legislative intention to fix the residence of a person for purposes of poor relief in a county where he shall have resided continuously for one year. That portion of the statute above quoted, which has reference to fixing the obligation for relief with respect to a person who has *not* resided in any one county for a year, was added by an amendment in 1907 (Sess. Laws 1907, chap. 183) when the period of residence required was changed from ninety days to one year. The purpose of this provision is evident. It is to fix the obligation as between counties, only with respect to persons who have not resided continuously in any one county for a year prior to the time the application is made. In such cases the applicant will be deemed to have a settlement in the county in which he has longest resided within the year, excepting from the computation any period during which he was an inmate of a public institution and each month during which he received support from the poor fund in any county. Any other construction would render the different provisions of § 2501 repugnant to each other. For instance, ¶ 6 of this section provides that "each residence, when once legally acquired, shall continue until it is lost or defeated by acquiring a new one in this state, *or by voluntary absence from the county in which such residence had obtained for one year or more;* and upon acquiring a new residence, *or upon the happening of such voluntary absence,* all former residence shall be defeated and lost."

This is in no wise qualified by any provision respecting periods of time spent in public institutions or months during which poor relief was received. It recognizes the loss of residence, through *voluntary* absence for a year.

The applicant in this case was voluntarily absent from the county in which the application was made for more than one year prior to the application and consequently had lost her residence in Sheridan county under ¶ 6 of § 2501, Comp. Laws 1913. This subdivision is not qualified by the language of ¶ 4. We are of the opinion that the rules

of construction with reference to avoidance of repugnancies clearly require the interpretation of ¶ 4 as hereinabove indicated.

The applicant, not having resided in Sheridan county for the period of a year previous to her application, has not brought herself within the terms of the statute as to such county. It follows that the judgment appealed from is correct and it is affirmed.