[File No. 6290.]

GRIGGS COUNTY, STATE OF NORTH DAKOTA, a Corporation Organized and Existing under the Laws of the State of North Dakota, Respondent, v. COUNTY OF CASS, STATE OF NORTH DAKOTA, a Public Corporation Organized and Existing under the Laws of the State of North Dakota, Appellant.

(260 N. W. 417.)

Opinion filed April 9, 1935. Rehearing denied May 4, 1935.

*A. R. Bergesen,* State's Attorney, and *Roy K. Redetzke,* Assistant State's Attorney, for appellant.

*Benj. Tufte,* for respondent.

CHRISTIANSON, J. Griggs county brought this action against Cass county under the provisions of chapter 77, Laws 1933, to determine the "legal residence" for poor relief purposes, of one William Kankelfitz and his family. It is alleged in the complaint that said William Kankelfitz and his family, consisting of a wife and three minor children, are found in Griggs county; that they are not residents of that county for purposes of poor relief but are residents of Cass county. In its answer Cass county admits that William Kankelfitz and his family are found in Griggs county but denies that they are public charges and further denies that they are residents of Cass County for poor relief purposes and alleges that they have not been residents of Cass county for more than one year last past.

The case was tried to the court upon the issues thus framed and resulted in findings of fact and conclusions of law that said William Kankelfitz and his family were and are residents of Cass county within the purview of the laws relating to poor relief, and directing that they be removed from Griggs county to Cass county. Judgment was entered accordingly and Cass county has appealed.

The undisputed evidence in this case shows that the defendant, William Kankelfitz and his family, on April 16, 1932, and for a considerable period of time prior thereto had a legal residence in Cass county, for poor relief purposes. The undisputed evidence further shows that on April 16, 1932, Kankelfitz received a sack of flour and a substantial quantity of groceries from Cass county under the then laws relat-

ing to poor relief. The evidence further shows that on that day William Kankelfitz and his family left Cass county for Griggs county and that they arrived in Griggs county on April 17, 1932.

This action was instituted by the issuance of summons on April 15, 1933, and service was made on the defendant Cass county on April 17, 1933. The question arises whether in these circumstances the defendant Kankelfitz and his family have a legal residence for poor relief purposes in Cass county.

So far as material in this case the laws of North Dakota relating to residence for poor relief purposes (Comp. Laws, 1913, § 2501; Laws 1933, chap. 97, § 4) read as follows:

"Residence may be acquired in any county so as to oblige such county to relieve and support the persons acquiring such residence in case they are in need of relief, as follows:

"1. The residence of a married woman follows that of her husband if he has any within the state, otherwise her own at the time of her marriage. . . .

"2. Legitimate children shall follow and have the residence of their father if he has any within the state, until they gain a residence of their own, but if the father has no residence they shall in like manner follow and have the residence of their mother if she has any. . . .

"4. Each male person and each unmarried female over the age of twenty-one years, who shall have resided one year continuously in any county in this state, shall thereby gain a residence in such county. . . . The time during which a person has been an inmate of a hospital, poorhouse, jail, prison or other public institution and each month during which he has received relief from the poor fund of any county, shall be excluded in determining the time of residence hereunder. . . .

"6. Each residence when once legally acquired shall continue until it is lost or defeated by acquiring a new one in this state, or by voluntary absence from the county in which such residence had obtained for one year or more; and upon acquiring a new residence, or upon the happening of such voluntary absence, all former residence shall be defeated and lost, and the provisions of this section shall apply to cases of residence begun to be acquired or lost or defeated, as well heretofore as hereafter. *Provided, that if within a year of such removal the county*

*of former residence shall contribute to the poor relief of such person in the county to which he or she shall have moved, such absence from the county of former residence shall not be construed to be voluntary as that term is used in this Act."*

The statute relating to residence for poor relief purposes in force in 1932, was embodied in § 2501 Comp. Laws, 1913. In 1933 the legislative assembly enacted a comprehensive statute relating to poor relief (chapter 97, Laws 1933). Many of the provisions contained in § 2501 Comp. Laws 1913, were embodied in the act of 1933. See Laws 1933, chap. 97, § 4. The provisions quoted above are identical in § 2501, Comp. Laws 1913, and § 4, chap. 97, Laws 1933, with the exception of the proviso at the end of subsection 6, § 4, chap. 97, Laws 1933, which we have italicized. This proviso did not appear in § 2501, Comp. Laws 1913, but was added in the enactment of 1933.

It was clearly the intention of the lawmakers, as evidenced by § 2501 Comp. Laws 1913, and § 4, chap. 97, Laws 1933, that each male person and each unmarried female over the age of twenty-one years, who shall have resided in the state of North Dakota for more than one year, shall have a legal residence in the state for poor relief purposes.

"Our laws relating to poor relief contemplate that 'legal residence' or 'settlement' within the purview of such laws shall be determined as of the date when the status of such person as an applicant for, or as one entitled to, poor relief comes in question. An overseer of the poor must then inquire into the status of such person, to ascertain whether he or she is entitled to relief in that county. Under our laws any person who has resided continuously in the state for one year or more has a legal residence for poor relief purposes somewhere in the state and is entitled to such relief in case of need. Logically, the first inquiry is whether an applicant for poor relief is a resident of the state and has resided therein continuously for at least a year. A person who is not such resident, or a person who has ceased to be a resident of the state at all, is not a resident for poor relief purposes. Under § 2501, Comp. Laws 1913, a person, in order to have a 'legal residence' in the state for poor relief purposes must have resided therein continuously for at least one year. If a person is found to be such resident, then the next inquiry is, in what county does such person have a legal residence? If it is found that such person has 'resided' continuously in one county

for one year or more, then his 'legal residence' or 'settlement' is in that county." Enderlin v. Pontiac Twp: 62 N. D. 105, 118, 119, 242 N. W. 117.

Under the statutory provisions quoted above a person who has a legal residence for poor relief purposes in a county may lose that residence in one of two ways: (1) By acquiring a legal residence in another county by residing there for more than one year; or, (2) by voluntary absence for more than one year from the county in which he had a legal residence. But when a question arises as to whether a person is a resident of a certain county, or one of two counties, "each month during which he has received relief from the poor fund of any county" must be excluded in determining the time of residence. Subdiv. 4, § 4, supra.

Subdivision 4 and subdivision 6, supra, must be read together. It was not contemplated that a person who had a legal residence in North Dakota for poor relief purposes might nevertheless, in the eyes of the law, have no such residence in any county. A person who moves from one county to another does not acquire a legal residence for poor relief purposes in the county to which he moves unless and until he loses his residence in the county from which he moved or vice versa.

When a person moves from one county to another and receives relief from the poor fund of the county from which he has removed, the month during which he has received such relief from the poor fund must be excluded in determining the question of residence when the same becomes a matter of dispute between the counties. In such case the point of time at which the computation of time of residence should commence is a month after the date on which the county from which the person removed furnished relief to the person whose residence is in question. In short, where a dispute arises between counties as to where a certain person has a legal residence for poor relief purposes, the point of time at which computation commences is one month after the time that relief was furnished, and the point of time at which the period of residence commences to run or the voluntary absence commences to run in favor of one county and against another, is one month from the date on which relief was furnished. In this case relief was furnished by Cass county on April 16, 1932. The month during which this relief was furnished must be excluded in determining the question of residence between

Griggs county and Cass county. This action therefore was clearly commenced within the time prescribed. The Kankelfitz family had neither resided in Griggs county for one year nor had they been voluntarily absent from Cass county for more than one year within the purview of the statute. What may have taken place subsequent to the commencement of the action is of no consequence, for the statute expressly provides that "when an action is brought for the purpose herein provided, the county commissioners of the county in which the applicant is located, shall contribute to the support of such poor during the pendency of such action, subject to reimbursement by the county where it is finally determined that such applicant has legal residence, if such action is decided favorably to the county contributing to the maintenance of such poor person." Laws 1933, chap. 97, § 13.

It follows therefore that the trial court was correct in holding that William Kankelfitz and his family have a legal residence in Cass county for poor relief purposes. The judgment appealed from is affirmed.

BURKE, Ch. J., and MORRIS, NUESSLE and BURR, JJ., concur.

(On Petition for Rehearing)

CHRISTIANSON, J. The defendant Cass county has petitioned for a rehearing. In such petition it is contended that this court, in its former opinion, failed to consider the fact that the relief furnished to the Kankelfitz family by Cass county on April 16, 1932, was all furnished "while said family and all its members were physically present in Cass county." And, it is said, that "since the statute specifically requires such relief must be furnished after the removal and while the person is in a county other than the county of his former residence, that the relief furnished on the 16th of April is not to be used in computing the expiration of one year from the date of the removal of the Kankelfitz family from Cass county."

This court did not overlook the fact that the relief furnished by Cass county to William Kankelfitz and his family on April 16, 1932, was furnished before Kankelfitz and his family had moved from Cass county. On the contrary, the former opinion specifically recites that relief was furnished to Kankelfitz on April 16, 1932, and that on that

day William Kankelfitz and his family left Cass county and that they arrived in Griggs county on April 17, 1932.

As pointed out in the former opinion, that statute relating to poor relief (§ 2501, Laws 1913; § 4, chapter 97, Laws 1933) provides that: "A person who has a legal residence for poor relief purposes within a county may lose that residence in one of two ways: (1) by acquiring a legal residence in another county by residing there for one year; or, (2) by voluntary absence for more than one year from the county in which he had a legal residence."

William Kankelfitz and his family indisputably had a residence for poor relief purposes in Cass county on April 16, 1932. On that day they moved from Cass county and arrived in Griggs county on the following day. Service of the summons in this action was made on the defendant Cass county on April 17, 1933. The decisive question in the case is whether when the action was instituted William Kankelfitz had been a resident of Griggs county for more than one year, or had been voluntarily absent from Cass county for one year or more. The answer to this question in turn is dependent upon the further question: "From what date shall time be computed for the purpose of determining when William Kankelfitz and his family established a residence in Griggs county or voluntarily absented themselves from Cass county?" That date, as we held in the former opinion, was neither the 16th nor the 17th day of April, 1932, but one month subsequent to April 16, 1932; for, according to the plain language of the statute (subdivision 4, chapter 2501, Comp. Laws 1913; Subdivision 4, § 4, chap. 97, Laws 1933) each month during which Kankelfitz received relief from the poor fund of Cass county must be excluded in determining the time of residence under the poor relief statute. This provision (as we held in the former opinion) applies to all cases where a question arises between counties as to whether an applicant for poor relief has gained a residence in one county or lost a residence in another. The provision that each month during which an applicant for poor relief has received relief from the poor fund of any county must be excluded in determining the time of residence is not restricted to cases where relief is given after a person has removed from a county. It applies as well to cases where relief is given while he is residing within a county from which he later removes. The point at which the year pre-

scribed by the statute for acquiring residence under subsection 4 or losing residence under subsection 6, starts to run, not on the day that relief is given or on the day following, but it starts to run a month thereafter. Consequently, as between Griggs county and Cass county, the point of time at which Kankelfitz commenced to lose a residence in Cass county, or to gain a residence in Griggs county, was not on April 16th or April 17th, 1932, but one month after April 16th, 1932, the date on which he received relief from the poor fund of Cass county.

Rehearing denied.

Burke, Ch. J., and Burr, Nuessle and Morris, JJ., concur.