[File No. 6860]

EDDY COUNTY, NORTH DAKOTA, a public corporation, Respondent, v. WELLS COUNTY, NORTH DAKOTA, a public corporation, John Johnson, Mary Johnson, James Johnson, Florence Johnson, and Clifford Johnson, and Wells County, North Dakota, a public corporation, Appellant.

(11 NW(2d) 60)

34

Opinion filed September 14, 1943

*Aloys Wartner, Jr.,* State's Attorney, and *John A. Layne,* Assistant State's Attorney, for appellant.

*R. G. Manly,* State's Attorney, for respondent.

NUESSLE, J.   This action was brought to determine the residence of one John Johnson and his family for the purposes of poor relief and to recover for payments made by the plaintiff Eddy County in that behalf.   The case was tried to the court and judgment was ordered and entered for the plaintiff.   The defendant Wells County thereupon perfected the instant appeal.

There is no controversy as to the facts.   Johnson and his family for many years prior to 1931 had been residents of Wells County.   In May of that year his wife and children left him and moved to New Rockford in Eddy County.   Johnson continued to live in Wells County until December 1931, when he also moved to New Rockford and took up his abode there with his family.   He and his family lived there until 1935 when he left them.   The family continued to live in Eddy County.   While they were living there Wells County furnished them with relief during the months of January, February, March and April of 1932.   Their next relief was provided by Eddy County for the

months of November and December of 1932, and through January, February and March of 1933. Thereafter they received no relief until December 1933, when Eddy County again provided it and continued to do so through 1934 and from that time on. Thus it appears that from May 1, 1932 to December 1933, a period of nineteen months, the family lived in Eddy County and received no relief from any source excepting from Eddy County in November and December of 1932, and January, February and March of 1933, a period of five months; that is, during fourteen of the nineteen months they received no relief. The controversy now is as to which county, Eddy or Wells, was responsible for their relief from and after December 1933. In determining the question it must be remembered that in this case chapter 97, Session Laws 1933, defines the manner in which residence is acquired and lost for purposes of poor relief. The provisions thereof pertinent here and on which the case turns, are to be found in § 4, subsec 4, which reads: "Each male person and each unmarried female over the age of twenty-one years, who shall have resided one year continuously in any county in this state, shall thereby gain a residence in such county. Each minor whose parents, and each married woman whose husband has no residence in this state, who shall have resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year. Every minor not emancipated and settled in his own right shall have the same settlement as the parent with whom he has last resided. The time during which a person has been an inmate of a hospital, poor house, jail, prison or other public institution and each month during which he has received relief from the poor fund of any county, shall be excluded in determining the time of residence hereunder." And subsec 6 which reads: "Each residence when once legally acquired shall continue until it is lost or defeated by acquiring a new one in this state, or by voluntary absence from the county in which such residence had obtained for one year or more; and upon acquiring a new residence, or upon the happening of such voluntary absence, all former residence shall be defeated and lost, and the provisions of this section shall apply to cases of residence begun to be acquired or lost or defeated, as well as hereafter. Provided, that if within a year of such removal the county

of former residence shall contribute to the poor relief of such person in the county to which he or she shall have moved, such absence from the county of former residence shall not be construed to be voluntary as that term is used in this Act."

The plaintiff Eddy County contends that the Johnsons were never voluntarily absent from Wells County for a continuous period of twelve months without receiving relief and therefore their residence for relief purposes remains in Wells County. The defendant Wells County contends that they were voluntarily absent from Wells County for nineteen months, that is, from May 1, 1932 to December 1, 1933, during all of which time they resided in Eddy County and received no relief excepting that provided by Eddy County for the months of November and December, 1932, and January, February and March 1933; that therefore they lost their residence for relief purposes in Wells County and acquired such a residence in Eddy County. Thus the points of difference are as to whether the Johnsons, under the statutory provisions quoted above, were voluntarily absent from Wells County from May 1932, when they ceased to receive relief from Wells County, until December 1933, when they, for the second time, received relief from Eddy County, and whether during such time they were continuously resident in Eddy County. The determining question is, does the fact that they received relief from Eddy County during five of the intervening months break the continuity of their voluntary absence from Wells County and of their residence in Eddy County. In other words, must the twelve months' absence and the twelve months' residence to be voluntary in the one case and continuous in the other as those terms are used in the statute, be twelve consecutive months without receiving relief from any source? If so, the plaintiff must prevail. If not, then judgment must be for the defendant.

This question has never been directly passed upon by this court since the enactment of chapter 97, Session Laws 1933. But we think the logic of the following relief cases points the certain way to the answer. See Kost v. Sheridan County, 46 ND 75, 179 NW 703; Burke County v. Oakland, 56 ND 343, 217 NW 643; Burke County v. Brusven, 62 ND 1, 241 NW 82; Enderlin v. Pontiac Twp. 62 ND 105, 242 NW 117; Griggs County v. Cass County, 65 ND 608, 260 NW 417; Nelson

County v. Williams County, 68 ND 56, 276 NW 265; Eddy County v. Wells County, 68 ND 394, 280 NW 667; Stutsman County v. Bowman County, 68 ND 699, 283 NW 179.

Chapter 97, Session Laws 1933, is a comprehensive statute providing for the administration of poor relief. Its several sections must, of course, be read and construed together and inconsistencies and repugnancies real or apparent, reconciled so far as it is possible to do so. Considering subsecs 4 and 6 of § 4 of this statute, it is clear that subsec 4 is primarily concerned with the gaining of a residence for poor relief, while subsec 6 is concerned with the losing of such residence. These sections are subsecs 4 and 6 of § 2501, Comp. Laws 1913, with additions in the way of amendments. The substance of the amended subsec 4, so far as it is pertinent in the instant case, is practically the same as that of the original provision in § 2501, Comp. Laws 1913. The amended subsec 6 is, in most respects, the same as the original subsec 6 in § 2501, Comp. Laws 1913, the only material change being the addition of the proviso that "if within a year of such removal the county of former residence shall contribute to the poor relief of such person in the county to which he or she shall have moved, such absence from the county of former residence shall not be construed to be voluntary as that term is used in this Act."

In Griggs County v. Cass County, 65 ND 608, 260 NW 417, supra, considering subsecs 4 and 6 supra, we held that a person who moves from one county to another does not acquire residence for poor relief purposes in the county to which he moves unless and until he loses his residence in the county from which he moved. Where relief has been provided by the county in which he had his residence for relief purposes and he moves therefrom and a dispute arises as to where his legal residence for relief purposes then is, the point of time at which computation commences in determining the period of residence in the county to which he has moved is one month after the time that relief was furnished by the original county of residence. And the point of time at which the period of residence commences to run or the voluntary absence commences to run in favor of one county and against another is one month from the date on which relief was furnished. So, in the instant case, the Johnsons acquired no residence for relief pur-

poses in Eddy County until they lost their residence for those purposes in Wells County. And since Wells County provided them with relief up to April 1932, the point of time at which the computation of the period of residence in Eddy County began to run was May 1932.

In Stutsman County· v. Bowman County, supra, considering subsec 6 of chapter 97, heretofore quoted, we held that when the county of original residence of an indigent contributes to his relief within one year from the time he leaves that county, it has the effect of making the entire period of his absence involuntary up to and including the period for which the relief was furnished. We there said that the purpose of the statute was to save expense and inconvenience to the counties and the indigents that would be necessitated by their removal and when the county of original residence undertakes to support its indigents in another county the effect is the same so far as residence is concerned as if the indigent were returned to the county of his original residence for support.

In Kost v. Sheridan County, 46 ND 75, 179 NW 703, supra, we considered subsecs 4 and 6 of § 2501, Comp. Laws 1913, and there drew the distinction between them to which we have heretofore adverted. In the Kost Case the question was as to whether relief furnished by any county to one who had removed from the county of his original residence did not interrupt the continuity of the voluntary absence of the recipient from such county. We held (paragraphs 2 and 3 of the syllabus) :

. "The provisions of subsec 4 of § 2501, Comp. Laws 1913 which, in determining the period of residence in a given county, direct the exclusion of periods spent as inmates in public institutions, and each month during which poor relief was received from any county, apply only with respect to persons who have not resided in any one county for the period of a year immediately preceding the application."

"Under subsec 6 of § 2501, Comp. Laws 1913 the residence of an individual in a given county is lost by voluntary absence from the county for one year or more, regardless of the receipt by such person of poor relief during a part of the period of absence."

As we have said above, subsec 4 of § 2501, is in substance the same as subsec 4 of § 4 of chapter 97, Session Laws 1933, while subsec 6 of § 2501 is identical with subsec 6 of § 4 of chapter 97, excepting only

the proviso in the latter subsection. We quote further from the Kost Case:

"Both paragraphs 4 and 6 of § 2501, Comp. Laws 1913, bear unmistakable evidence of legislative intention to fix the residence of a person for purposes of poor relief in a county where he shall have resided continuously for one year. That portion of the statute above quoted, which has reference to fixing the obligation for relief with respect to a person who has *not* resided in any one county for a year, was added by an amendment in 1907 (Session Laws 1907, chap. 183) when the period of residence required was changed from ninety days to one year. The purpose of this provision is evident. It is to fix the obligation as between counties, only with respect to persons who have not resided continuously in any one county for a year prior to the time the application is made. In such cases the applicant will be deemed to have a settlement in the county in which he has longest resided within the year, excepting from the computation any period during which he was an inmate of a public institution and each month during which he received support from the poor fund in any county. Any other construction would render the different provisions of § 2501 repugnant to each other. For instance, paragraph 6 of this section provides that 'each residence, when once legally acquired, shall continue until it is lost or defeated by acquiring a new one in this state, *or by voluntary absence from the county in which such residence had obtained for one year or more;* and upon acquiring a new residence, *or upon the happening of such voluntary absence,* all former residence shall be defeated and lost.'

"This is in no wise qualified by any provision respecting periods of time spent in public institutions or months during which poor relief was received. It recognizes the loss of residence, through *voluntary* absence for a year.

"The applicant in this case was voluntarily absent from the county in which the application was made for more than one year prior to the application and consequently had lost her residence in Sheridan County under paragraph 6 of § 2501, Comp. Laws 1913. This subdivision is not qualified by the language of paragraph 4. We are of the opinion that the rules of construction with reference to avoidance of repugnancies clearly require the interpretation of § 4 as hereinbefore indicated."

So it is at once apparent that the construction we put upon subsecs 4 and 6 in the Kost Case must control in the instant case, or we must disavow what we there said.

We cannot see how the proviso added to subsec 6 by the 1933 amendment in any way affects the construction put upon subsecs 4 and 6 in the Kost Case. The legislative purpose indicated by this proviso is set forth in the discussion in Stutsman County v. Bowman County, 68 ND 699, 283 NW 179, supra. Certainly there is nothing in that proviso to indicate any legislative intention that time during which a person was in a hospital, jail, etc. or received relief from any other county than the county of original residence, should be excluded in determining the period of voluntary absence. Had there been any such legislative thought it would have been easy to have expressed it, and this not having been done we must say, in view of the holding in the Kost Case, that there was no intention to change the construction put upon the statute in that case.

Nor can we agree with respondent's contention that the subsequent amendments to subsecs 4 and 6, as found in chapter 119, Session Laws 1935 and chapter 126, Session Laws 1939, should receive consideration in determining the construction to be put upon chapter 97, Session Laws 1933. These amendments express only the intent and purpose of the legislatures that enacted them and can have no bearing in the instant case.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.

Morris, Ch. J., and Burke, Christianson and Burr, JJ., concur.