FRED HAGER, Respondent, v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, a Corporation, Appellant.

(206 N. W. 702.)

**Negligence — evidence held to present questions of fact for jury upon negligence and contributory negligence.**

In an action to recover damages resulting to the plaintiff from a collision at a railroad crossing, the evidence is examined, and it is *held* to present questions of fact for the jury upon negligence and contributory negligence.

Opinion filed November 28, 1925. Rehearing denied December 21, 1925.

Railroads, 33 Cyc. p. 1098 n. 96; p. 1111 n. 70.

Appeal from the District Court of Ward County, *Lowe*, J.
Affirmed.

Note.—Province of court and jury on question of negligence and contributory negligence, see 22 R. C. L. 1027.

*L. J. Palda, Jr., C. D. Aaker,* and *C. E. Brace (John E. Palmer* of counsel), for appellant.

A motion for dismissal and a motion for a directed verdict are both, in fact, demurrers to the evidence. They are, however, not the same. Baily v. Davis (N. D.) 193 N. W. 658.

The plain purpose of this statute (Ch. 133, Laws of 1921) is to defer a ruling by the court on the sufficiency of the evidence until after a verdict has been returned. McLeod v. Simon (N. D.) 200 N. W. 790.

The conditions essential to competency of the evidence must be supplied. Cotton v. Willman Sioux Falls R. Co. 99 Minn. 366, 109 N. W. 835, 8 L.R.A.(N.S.) 643.

Where the only evidence on an issue is incompetent, direction of a verdict is proper. Wynn v. Coonen, 31 N. D. 160, 153 N. W. 980.

Where the exercise of ordinary precautions of looking and listening and making an intelligent use of one's faculties to inform himself as to the approach of a train is neglected, and when the taking of such precautions would have avoided an accident, negligence is conclusively established, in the absence of conflict in the evidence on these subjects. It is a traveler's duty to look in both directions, at a crossing for trains. Sherlock v. Minneapolis, St. P. & S. Ste. M. R. Co. 24 N. D. 40, 138 N. W. 976.

The failure of one approaching a railroad crossing to see an approaching train which is in view when he looks along the track prior to crossing is such negligence that he cannot hold the railroad company liable in case he is injured by the train while on the crossing. Gehring v. Atlantic City R. Co. 75 N. J. L. 490, 68 Atl. 61, 14 L.R.A.(N.S.) 312.

Recovery cannot be had for death of a person killed in collision of his team with a train at a crossing, though signals were not given, where he, when at a point within 40 feet of the track could have heard or seen the train. Pittsburg, C. C. & St. L. R. Co. v. West, 34 Ind. App. 95, 69 N. E. 1017.

Negligence of the defendant's employees in failing to whistle or ring a bell at a crossing is no excuse for negligence on the part of the person about to cross in failing to use his senses. Carlson v. Chicago &

N. W. R. Co. 96 Minn. 504, 105 N. W. 555, 4 L.R.A.(N.S.) 349, 113 Am. St. Rep. 655.

*E. R. Sinkler* and *G. O. Brekke,* for respondent.

It is only when the evidence is such that different minds cannot draw different conclusions, either as to the facts or the deductions to be drawn from the facts, that the question of negligence becomes a question of law. Daugherty v. Davis, 48 N. D. 890.

Contributory negligence as well as negligence of the defendant are questions for the jury in a case at law, unless the conceded facts from which the inference must be drawn admit of only one conclusion. If the facts relating to contributory negligence or to negligence of the defendant are such that different impartial minds might fairly draw different conclusions from them, they should be submitted to the jury and are only for the court when such that fair-minded men might draw only one conclusion from them. Pendroy v. Great Northern R. Co. 17 N. D. 433; Kunkel v. Minneapolis, St. P. & S. Ste. M. R. Co. 18 N. N. 367; Hollinshead v. Minneapolis, St. P. & S. Ste. M. R. Co. 20 N. D. 642.

A judgment notwithstanding the verdict will not be upheld under chapter 63, page 74, Laws 1901 on the grounds merely that there was a variance between the cause of action stated and the proof adduced. Welch v. Northern P. R. Co. 14 N. D. 19; Rieck v. Daigle, 17 N. D. 365, 12 L.R.A.(N.S.) 1022.

BIRDZELL, J. This is an appeal from an order denying the defendant's motion for judgment notwithstanding the verdict and from the judgment. The action is one to recover damages sustained by the plaintiff at a railroad crossing at the western limit of the city of Harvey. The judgment is for $350 and costs. On this appeal there is but a single question, that of the sufficiency of the evidence to support the judgment. It is elementary that upon a motion for judgment non obstante the evidence must be considered in the light most favorable to the party in whose favor the verdict was rendered. With reference to the matter involved, the plaintiff testified that on November 23, 1923, he was hauling a load of wheat to the city of Harvey. He was driving south upon a highway which intersected the railroad at about right angles on the western limit of the city. There was a grove lying just

north of the railroad right of way and west of the road upon which the plaintiff was traveling. He had seen a train to the west before he reached the grove, and as he approached the crossing he observed a freight train about 140 or 150 steps east of the railway crossing; this train was standing still. He stopped his team when he was about 30 feet from the crossing; he looked and listened, but saw no train and heard no whistle or bell. He thought the train he had seen to the west had passed. But when he got close to the track it was icy and his horses started slipping and one pretty nearly fell down; he hauled the horses up by the lines and his wagon was stopped at the icy place "about two minutes or one minute" and the train came along from the west and struck him, killing the horses, demolishing the wagon and throwing him in the air. On cross-examination he testified that the ice was clear across the road 10 feet from the track.

One Lesmeiser, an uncle of the plaintiff living about nine miles northwest of Harvey, testified that he was at the scene of the collision on the day it occurred; that he noticed the condition of the highway where it crossed the railroad track; that there was ice on the north side of the road, ice between the tracks and ice on the south side of the road; that the ice extended 10, 12 or 13 feet from the rails out; that it was smooth ice; and that it came from the engine. The space covered by the ice was broad, practically as broad as the traveled road. A Mrs. Erickson the wife of the section foreman, who lived in a house situated about 200 feet east of the crossing in question and near the railroad track, testified that she heard the train whistle; that she was standing at the kitchen window ironing and saw the plaintiff drive towards the railroad track; that she kept watching him; that he lashed the horses with the lines and when they got close to the track they seemed to hear the noise from the train and got so scared they did not seem to move further; they stood dancing and then they faced the tracks and faced east; that they seemed to turn along the tracks and then she looked away; that the plaintiff started to slap the horses with the lines when they were not very far from the tracks. The fireman, one of the witnesses for the defendant, testified that the train was going about fifty miles an hour.

One of the grounds of negligence alleged in the complaint is that the defendant permitted ice to accumulate, making the crossing slippery

and dangerous. While from the physical conditions and all the surrounding circumstances it might appear to us that the plaintiff was guilty of contributory negligence and that the collision would not have occurred but for that negligence, this court is not the judge of the facts. In our opinion, the evidence briefly stated above does not so clearly establish contributory negligence that we can say that a jury, in the exercise of reasonable judgment, might not find otherwise. If the jury believed the testimony of the plaintiff with reference to his stopping 30 feet from the track and with reference to the length of time that he was stopped at the crossing (and this is somewhat corroborated by the evidence of the defendant's witness, Mrs. Erickson), and if they further believed the evidence of the plaintiff and his uncle with regard to the condition of the crossing, they might reasonably have found that, at the time the plaintiff stopped 30 feet from the crossing and looked and listened, there was no train sufficiently close to have appeared dangerous. Considering such a state of facts as appears by the evidence, we can not say that the plaintiff was necessarily guilty of contributory negligence.

The judgment and order are affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.