R. M. VOLK, J. J. Volk and H. B. Zenk, Respondents, v. HENRY A. HIRNING, Christ Hirning and Karl Hirning, Appellants.

(220 N. W. 446.)

**Judgment — when trial court must order judgment notwithstanding the verdict.**

1. Where the facts are undisputed, are sufficient to determine the issues involved, and are such that the jury can return but one proper verdict, it is the duty of the trial court to order judgment notwithstanding the verdict in accordance with these facts, when an improper verdict has been returned.

Note.—(2) As to discretion of trial court in granting or refusing motion for new trial, see 20 R. C. L. 226; 3 R. C. L. Supp. 1046; 4 R. C. L. Supp. 1347; 6 R. C. L. Supp. 1199.

**Appeal and error — new trial — order granting not disturbed unless there was abuse of discretion.**

2. Where, on a motion for judgment notwithstanding the verdict or for a new trial, the trial court grants a new trial because of the insufficiency of the evidence to sustain the verdict, the action of the trial court will not be reversed on appeal unless the court has abused its discretion. In the instant case it is held the court was justified in granting a new trial on an issue involving two of the defendants.

Opinion filed June 30, 1928.

Appeal and Error, 4 C. J. § 2816 p. 833 n. 57. Judgments, 33 C. J. § 114 p. 1185 n. 52. New Trial, 29 Cyc. p. 832 n. 60.

Appeal from the District Court of Emmons County, *McKenna*, J. Affirmed.

*Arthur B. Atkins* and *Chas. C. Coventry,* for appellants.

"The court, in determining the intention of parties to a contract, must take into consideration the language of the contract, their intention must be ascertained from the words alone." Miller v. St. P. F. & M. Ins. Co. 26 S. D. 454, 128 N. W. 609.

"In construing contracts, regard must be had to the surrounding circumstances and the situation of the parties must be given effect if it can be done without any violence to the provisions of the contract." Young v. Metcalf Land Co. 18 N. D. 441, 122 N. W. 1101.

*Lynn & Lynn,* for respondents.

BURR, J. The complaint in this case sets forth three causes of action, on promissory notes for $5,000, $2,000, and $949.50 respectively, all dated February 28, 1923, made by the defendant Henry A. Hirning to the First State Bank of Hague, and indorsed by his brothers, the remaining defendants. The plaintiffs claim the indorsements by Christ Hirning and Karl Hirning were made before maturity "for the purpose of inducing the payee to accept same and extend credit thereon, and with intent to charge themselves as first indorsers thereon and indorsed said note as sureties and guarantors and thereby promised to pay said note upon the presentment of same at the date of maturity."

The complaint then alleges the indorsement and transfer of the notes

to the plaintiffs herein, failure to pay, and due presentment to the indorsers; and asks judgment for the full amount.

The defendant Henry A. Hirning answered, alleging failure of consideration for the notes, and puts the plaintiffs on their proof. The remaining defendants answered jointly and set forth the same defense as their codefendant, and the further defense that they never indorsed the first note and "that their indorsements to the two certain promissory notes described in plaintiff's second and third causes of action were secured from the defendants by fraud, false representations and trickery on the part of the plaintiffs, and that the defendants were induced to indorse said notes by virtue of the following representations made by the plaintiffs, as follows, to wit: That the notes referred to in plaintiffs' second and third causes of action had been sold to the First State Bank of Hague but had been indorsed by the plaintiffs and that the First State Bank of Hague had requested the plaintiffs to withdraw said notes from the assets of said bank and that the plaintiffs agreed, promised and represented to the defendants, that if they would indorse the said notes herein referred to that they would personally see that there would be no liability to these defendants and that the sole reason they desired their indorsements on these notes was that it would make the paper look better and that the First State Bank of Hague would let it remain as a part of the assets of said bank until fall and that before fall the plaintiffs would resell the land, take up the notes and return them to the defendants, and that the plaintiffs then and there contracted to and with the defendants to do as herein alleged; that is, that if the defendants would indorse these notes they would contract to and with the defendants and would contract to sell the land for which said notes represented a part of the purchase price and return the notes to the defendants, and that the defendants were merely loaning their signatures so as to assist the plaintiffs in having the notes remain until fall as a part of the assets of the First State Bank of Hague, and that said notes were indorsed and that in indorsing said notes the defendants believed said representations made by the plaintiffs and relying thereon, and so relying did indorse the notes described in plaintiffs' second and third cause of action and not otherwise."

The defendants further allege "that there was no consideration for

their indorsement of the notes set out in the said second and third causes of action."

The case was submitted to the jury who returned a verdict "in favor of the defendants upon all the issues and for a dismissal of the action." Plaintiffs having moved for a directed verdict, asked for judgment notwithstanding the verdict or in the alternative a new trial. The court granted the motion for judgment notwithstanding the verdict against the defendant Henry A. Hirning and granted a new trial as against the remaining defendants but limited it to "the specific question of their liability as indorsers upon the notes sued upon, and a new trial is hereby ordered upon such question of fact and none other, and the said cause is to stand for trial upon that issue."

From the order granting a new trial and granting judgment notwithstanding the verdict and the judgment entered thereon defendants appeal. The errors specified on this appeal are that the court erred in granting judgment notwithstanding the verdict against the defendant Henry A. Hirning and in ordering a new trial as to the issues against the remaining defendants.

In January, 1918, the board of university and school lands made a contract for sale of the N. W. ¼ of section 36, tp. 129; r. 75 and a contract for the S. W.¼ of the same section to one John Graf, on the forms prescribed by the board, the first payment on the principal to be made in 1923. In March, 1919, Graf and his wife assigned said contracts to one John Schnaible, which assignments were approved by the board of university and school lands in August of the same year. On June 22, 1920, the plaintiffs entered into negotiations with the defendant Henry A. Hirning for the sale to Hirning of the land described in these land contracts, Hirning to assume amount due the State, turn over some Idaho land, and execute notes for the remainder of the purchase price. On said date the Hague State Bank and defendant Henry Hirning signed a "memorandum of sale" known as Exhibit "G," as follows:

"Hague, N. Dak. June 22, 1920.

*"Memorandum of Sale.*

"J. J. Volk & H. B. Zink—1st parties.

"Hy. Hirning—2nd party.

"1st parties agree to sell & 2nd party agrees to buy for the sum of $50.00 per acre the west ½ of section 36–129–75 on the following terms. Interest @ 6% from Jan. 1st, 1921 on all deferred payments.

"2nd party executes notes in the sum of $4,000 to Hague State Bank with indorsers which bank will carry two years.

"1st parties will secure assignment of contract from state of North Dakota—2nd party to leave contract with bank as collateral security. Balance long time payments @ 6%.

"Signed

"H. B. Zink,·

"J. J. Volk.

"By Hirning."

The defendant Henry A. Hirning and his wife turned over the Idaho land, executed two notes each for $2,000 to Hague State Bank, and renewed another note for $2,000. These notes bear the indorsement of the remaining defendants and later on were renewed. One of the plaintiffs testified that Schnaible owed Hague State Bank some $1,300 and plaintiffs paid him $5,000 additional in cash on other indebtedness of his. This is not disputed. In the fall of 1920 Hague State Bank of which plaintiffs were officers, merged with the First State Bank of Hague and thereafter the renewals sued upon in this action were made, executed and delivered to the First State Bank of Hague, and bear the indorsement of the three plaintiffs also, plaintiff Zenk becoming an officer of First State Bank.

On July 13, 1920, John Schnaible and his wife executed assignments of the contracts issued by the board of university and school lands to the defendant Henry A. Hirning and on July 21, 1920, Henry A. Hirning and wife assigned their interest in the land to the Hague State Bank as security for the original notes which they had executed.

It is undisputed the notes involved are owned by the plaintiffs, that they were given as evidence of the purchase price of the land described,

that they have never been paid, and that defendant Henry Hirning took possession of the land and farmed it for at least three years.

There are but two points before us. The defendant Henry Hirning says there is a failure of consideration for the notes because the plaintiffs have not complied with the agreements and provisions set forth in the "memorandum of sale" known as Exhibit "G." The remaining defendants say the court was not justified in granting a new trial as to them because there was sufficient evidence to go to the jury on the question of their liability as indorsers, and that the jury found in their favor.

Defendant Henry Hirning's contention is not supported by the evidence. He says a fair interpretation of the "memorandum of sale," Exhibit "G," shows the plaintiffs were to secure from the board of university and school lands an assignment by the state of its interest in the contract held by Schniable. The plaintiffs say this is not the proper construction, and that they agreed with defendant and were required to get an assignment of the contract from the holder to Henry Hirning. This they did, for Schniable assigned the contracts shortly after the sale was made to defendant Henry Hirning. Defendant Henry Hirning's contention is untenable. There is nothing in the evidence which indicates that the parties had in mind an assignment from the state. The state would not assign the contract until it was paid in full, and it might be a question whether it would make an assignment then. But defendant contends that in any event exhibit "G" means there was to be an approval by the state of the assignment made by Schniable. This is an entirely different proposition and is in no way referred to in the "memorandum of sale." Plaintiffs agreed to secure an assignment of the contract. Without such an assignment Hirning could get no interest in the land. It is clear all that was intended was that the one to whom the state had sold the land, or his assignee would assign to Hirning so that Hirning would stand in the place of the grantee. As this was done defendant Hirning's contention of failure of consideration is untenable. No one asked the state to approve and there is no indication that the state would not have approved. There is no claim that the contract with the state was not in effect at that time—in fact no part of the principal was due at the time the deal was made with Hirning and no proof was received of

any subsequent cancelation, though an attempt was made to prove the same. The court therefore was correct in ordering judgment for the plaintiffs and against Henry Hirning notwithstanding the verdict.

The contention of the remaining defendants is clearly untenable. Plaintiffs' had asked for judgment notwithstanding the verdict as against them also, or for a new trial. A new trial was granted and plaintiffs have not appealed. Therefore the only point before us is whether the court was justified in granting a new trial. The undisputed evidence shows that the defendants Karl and Christ Hirning became involved in this matter as indorsers for their brother Henry on the original deal which was made with Hague State Bank. They became indorsers at that time, in fact under the terms of Exhibit "G" their brother was required to get indorsers. When the First State Bank of Hague took over the assets of the Hague State Bank the paper in this case was part of the assets. When these notes became due they were not paid and the evidence shows the bank wanted some settlement. The defendants were unable or unwilling to pay and the renewal notes were taken to the First State Bank and indorsed as the original notes were, and then indorsed also by the plaintiffs in this case, the negotiations being carried on by and with plaintiffs for the bank. It is the contention of the defendants that they signed upon an agreement of plaintiffs that they would not be called upon to pay because if the notes were not paid when due the land would be sold and thus they would not be liable. This is not a good defense. They claim also that the consideration for the notes failed in that it was for the purchase price of land which could not be conveyed. In the light of the facts in this case this also fails as a defense. They further claim that they signed the notes at the solicitation of the plaintiffs on the ground that such indorsements would make the paper look better to the examiner and he would allow it to remain in the bank and that if not paid by the defendant Henry Hirning when due plaintiffs would take it up and not hold the indorsers responsible. This defense was submitted. The jury found for the defendants. We do not feel called upon to comment on the evidence except to say that a review of the same shows the court was amply justified in granting a new trial. It is true the jury is the judge of the facts; but it is not every verdict which stands. There must be evidence to support the verdict. Just what is sound discretion

· on the part of the trial court in granting a new trial must be determined by the facts in the case under review. The reasoning set forth in Martin v. Parkins, 55 N. D. 339, 345, 213 N. W. 574 is applicable here. A review of the evidence leads us to believe the court was amply justified in granting a new trial, and so the order is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.