[File No. 6376.]

E. H. OLSTAD, Administrator of the Estate of Fred F. Butler, Plaintiff and Appellant, v. STOCKGROWERS CREDIT CORPORATION, a Corporation, and J. E. Phelan, Defendants and Appellants.

(266 N. W. 109.)

Opinion filed March 19, 1936.

*C. H. Starke,* for plaintiff–appellant.
*W. C. Crawford,* for defendants–appellants.

BURR, J.   Plaintiff brought action to recover damages in the sum

of $35,000 for the conversion of personal property. The defendants deny any conversion. They allege valid chattel mortgages upon the property said to have been converted because of the attempted foreclosure and pray for judgment aggregating $23,210.00, and that if it be found there was a conversion, this amount be credited on the judgment.

The case was submitted to a jury for a general verdict and on special findings as to the value of the property said to have been converted. In answer to the special questions the jury found the value of the property converted was $15,295.81 and in the general verdict found for the plaintiff in the sum of $1245.81.

The defendants moved for judgment notwithstanding the verdict or for a new trial, alleging insufficiency of the evidence to justify the verdict and excessive damages given under passion or prejudice. This motion came on for hearing before the successor of the trial judge. The court denied the motion for judgment notwithstanding the verdict, but reduced the amount allowed from $1,245.81 to $795.81, with interest and costs, and provided that "Upon the acceptance of said reduction by the Plaintiff, the motion for new trial is also denied and upon the failure of the Plaintiff to consent to said reduction as above stated, an order for new trial will be granted."

Both parties appeal—the effect being that the defendants appeal from that part of the order denying the motion for judgment notwithstanding the verdict, and the plaintiff from the granting of the new trial conditionally.

On motion for judgment notwithstanding the verdict, the evidence is considered in the light most favorable to the one in whose favor the verdict is rendered. Hager v. Minneapolis, St. P. & S. Ste. M. R. Co. 53 N. D. 452, 206 N. W. 702; Pederson v. O'Rourke, 54 N. D. 428, 209 N. W. 798.

Such motion will not be sustained where there is an issue for the jury to pass upon under the evidence (Nelson v. Grondahl, 12 N. D. 130, 96 N. W. 299) and will be ordered only in a case where it clearly appears from the whole record that the moving party is entitled to such judgment on the merits as a matter of law. Sheffield v. Stone, O. W. Co. 49 N. D. 142, 190 N. W. 315; Baird v. Stephan, 52 N. D.

568, 204 N. W. 188; Volk v. Hirning, 56 N. D. 937, 220 N. W. 446. It must also appear there is no reasonable probability that defects in the proof necessary to support a verdict may be remedied upon another trial. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Larson v. Albers, 53 N. D. 340, 205 N. W. 875. Not only did the jury return a verdict in favor of the plaintiff, but there was evidence upon which the jury could return such a verdict. Consequently the court was correct in denying defendants' motion for judgment.

By ordering a reduction in the judgment, and a new trial in case the plaintiff refused to accept the reduction, the court in effect granted the defendants' motion for a new trial, when plaintiff refused to accept the reduction.

The plaintiff says the court, in granting a new trial, is limited to the causes set forth in § 7660 of the Supplement and that, under the facts in this case, subdivision 5 thereof is the only portion which is applicable. This permits the court to grant a new trial where "Excessive damages appearing to have been given under the influence of passion or prejudice. Where a new trial is asked for on this ground, and it appears that the passion and prejudice affected only the amount of damages allowed, and did not influence the findings of the jury on other issues in the case, the trial court on hearing the motion, and the supreme court on appeal, shall have power to order a reduction of the verdict in lieu of a new trial; or to order that a new trial be had unless the party in whose favor the verdict was given remit the excess of damages."

The plaintiff makes no attack upon the special findings of the jury. For the purposes of this appeal, therefore, it is assumed that the property converted was worth but $15,295.81. The defendants had a chattel mortgage upon this property, and there is no real dispute as to the amount due the defendants. The face of the secured notes is. $14,500.00 with interest after maturity. In addition defendants were obligated under two unsecured notes aggregating over $4,200.00.

Section 6721, Comp. Laws, provides: ". . . in an action for the conversion of personal property the defendant may show in mitigation of damages the amount due on any lien to which the plaintiff's

rights were subject, and which was held . . . by the defendant or any person under whom he claims."

Consequently the defendants were entitled to have the amount of their secured claim offset. This is what the trial court did. It was what the defendants were entitled to. · The undisputed testimony shows the amount of the lien· held by the defendants. Clearly there was at least an error in calculation. The court could have set aside the verdict entirely and granted the new trial on that ground alone, for certainly the evidence was insufficient to justify the verdict returned by the jury. Instead of doing this, the court merely reduced the amount of the judgment.

The defendants allege that the "damages assessed by the Jury were excessive and given under the influence of passion and prejudice."

That the judgment is excessive is clear. The motive of the jury may not be so clear. It is possible they discounted the secured notes, because there was no interest chargeable until after maturity. But the debt was the face of the notes and defendants had the right under their mortgages to declare the whole sum due and payable, which was done. The notes were not due until November 18, 1931, but the attempted foreclosure sale was held October 10, 1931, and the court gave plaintiff interest from that date. The dispute on conversion arises over the date of seizure. These notes were renewals and interest on the old notes had been charged to another account and was unpaid. Neither the memorandum opinion nor the order for new trial states the court found passion or prejudice. The defendants strenuously urge the values placed on the live stock by the jury clearly show a desire to inflate values for the purpose of giving plaintiff a verdict and the court finds the verdict excessive. It is true it may have been a mistake on the part of the jury; but in any event it is an injustice.

"A motion for a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice is addressed to the sound, judicial discretion of the trial court, .and the appellate court will not interfere unless a manifest abuse of :such discretion is shown." Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147. Clearly the plaintiff was not entitled to the amount allowed. At the very best he was entitled only to the amount to which

the court reduced the judgment. Possibly it was not so much a matter of judgment on the part of the trial court as it was a question of mathematics.

In Volk v. Hirning, 56 N. D. 937, 220 N. W. 446, it is said: Where the facts are undisputed, are sufficient to determine the issues involved, and are such that the jury can return but one proper verdict, it is the duty of the trial court to order judgment in accordance with the facts. After finding the value of the property converted, the jury could return but one proper verdict—a verdict for the plaintiff for a certain definite sum. The court could have instructed as to the exact amount to be deducted from the value of the property as found.

In so doing the court is not acting as a jury. The amounts found are certain and definite and can be ascertained by the court without assuming the functions of a jury and there could therefore be a re-mission. Kliegel v. Aitken, 94 Wis. 432, 69 N. W. 67, 69, 35 L.R.A. 249, 59 Am. St. Rep. 901. It is not a case of conflict of the opinion of the court with the opinion of the jury as to the amount. The trial court does not say whether it considered it an error in calculation, an erroneous discount not authorized by the instructions in the case, or passion, or prejudice. In the furtherance of justice the court made the order and was justified in so doing.

The defendant's motion for judgment notwithstanding the verdict is not well taken. In the alternative they ask for a new trial. The plaintiff refused to accept the reduction of the judgment and this gave them the new trial demanded. So far as they are concerned, the power of the court to order a reduction is academic. Had the plaintiff accepted the defendants might have cause for complaint. The order is affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.