[File No. 6488.]

GEORGE BAKKE, Respondent, v. A. H. NELSON, Appellant.

(276 N. W. 914.)

Opinion filed December 23, 1937.

*C. N. Cottingham, E. R. Sinkler, G. O. Brekke,* and *Geo. A. McGee,* for appellant.

*F. F. Wyckoff,* for respondent.

BURR, J. This is an action to recover damages for breach of warranty of seed flax. A verdict was returned in favor of the plaintiff, and from an order denying a motion for judgment notwithstanding the verdict or for a new trial and from the judgment defendant appeals.

There are one hundred and two specifications of error, requiring about thirty-five pages of the brief. However, we discuss but one— that there is a total failure of proof to establish the allegations of the complaint and therefore judgment should be ordered for the defendant.

The plaintiff bought flax from the defendant, seeded the same, and failed to raise a crop. The complaint alleges that the defendant, "well knowing that the plaintiff intended to plant said flax seed and raise a crop therefrom did thereby warrant that the said flax seed was reasonably suited for that purpose and that it was of good germinative quality and in all respects suitable and first class seed flax and valuable for seeding purposes and the raising of a crop therefrom, and did so represent the same to this plaintiff."

With reference to the seed the complaint states: "That it had practically no germinative qualities; that it would not and did not germin-

ate or grow; that it was entirely worthless as seed, all of which was well known to the defendant at the time it was purchased from the defendant by this plaintiff:"

There is a further allegation that the seed produced no crop whatever, and "that if the said flax seed had been of good germinative quality or had been suitable or first class seed flax or valuable for seeding purposes and the raising of a crop therefrom it would, as planted and sown, have produced at least ten bushels of flax per acre upon the whole of said eighty acres so seeded, and would have produced at least eight hundred bushels of good quality number one seed flax of the reasonable and market value of Twelve Hundred Dollars ($1200.00)."

The answer denies the allegations of the complaint and alleges specifically that before the sale of the flax to the plaintiff the latter had access to the flax, "and full opportunity to examine the same, which he did; that defendant made no representations or warranties of any kind with reference to the character or quality of said flax and on the contrary specifically called the attention of plaintiff to the fact that he did not make any warranties or guaranties with reference thereto and that plaintiff, if he purchased the same, would take the grain as he found it."

Section 6002a12 of the Supplement defines express warranty as follows: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise (is) to induce the buyer to purchase the goods and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty." (This section is part of chap. 57A, Supp., which is merely the Uniform Sales Act.)

There is no proof of any express warranty. The plaintiff testified that he asked the defendant if he had seed flax, learned that the price was two dollars per bushel, asked if it was "good for seed," and defendant said, "Yes, it should be." He says specifically the defendant told him he was going to seed some of the flax himself; that he did not ask the defendant to guarantee it, nor did the defendant say he would guarantee it for seed. In response to questions he testified:

"Q. He never at any time told you it was good seed flax?

"A. That is the way I understood it.

"Q. I asked you what he said. He didn't tell you that?

"A. He told me it should be good seed flax.

"Q. But he didn't say it was?

"A. No, he really didn't do that.

"Q. Didn't he tell you he wouldn't guarantee it?

"A. No, he did not.

"Q. Did you ask him if he would guarantee it?

"A. No, I didn't."

This is practically all of the testimony of the plaintiff with reference to an express warranty. Plaintiff makes no claim whatever that these statements in any way induced him to buy and that he so purchased relying upon any affirmation of fact. The defendant's version varies materially from that of the plaintiff; but on this appeal we take the version most favorable to the respondent. Hager v. Minneapolis, St. P. & S. Ste. M. R. Co. 53 N. D. 452, 206 N. W. 702; Pederson v. O'Rourke, 54 N. D. 428, 209 N. W. 798.

Failing to prove any specific warranty plaintiff must rely upon the implied warranties which are connected with the sale, and the allegation quoted from the complaint is sufficient to found a charge of breach of an implied warranty. An express warranty does not negative an implied warranty unless inconsistent therewith (subd. 6, § 6002a15 of the Supplement), and therefore the mere claim of such express warranty does not preclude reliance upon an implied one. Implied warranties "are not matters of agreement, but arise by operation of law." Comptograph Co. v. Citizens Bank, 32 N. D. 59, 69, 155 N. W. 680.

So far as an implied warranty of quality, arising from mere sale, is concerned, § 6002a15 of the Supplement provides:

"There is no implied warranty or condition as to the quality or fitness for any particular purpose of goods applied under a contract to sell or a sale except as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies upon the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for that purpose.

"(2) ......................................................."

While there is testimony showing the defendant knew the plaintiff was buying the flax for seed, there is nothing in the record to indicate that the plaintiff relied upon the defendant's judgment with reference to the seed. Nowhere does he so intimate. The plaintiff was a farmer of over twenty years' experience in the neighborhood, raising grain of all kinds. The defendant, while engaged in farming, was engaged as his main business in banking as cashier in a bank in Stanley. The burden was on plaintiff to prove such reliance. It is true such reliance may be established by circumstantial proof (Ward v. Great Atlantic & P. Tea Co. 231 Mass. 90, 120 N. E. 225, 5 A.L.R. 242), but we have no indication of this in the record. It cannot be said, as was said in Minneapolis Steel & Machinery Co. v. Casey Land Agency, 51 N. D. 832, 840, 201 N. W. 172, 175, that an inference of such reliance "irresistibly arises from all the circumstances."

The testimony utterly fails to show either an implied warranty or an express warranty.

It is not necessary to consider the specifications of error in matters arising on the trial or with reference to the charge to the jury as such questions may not arise on another trial.

While there is an utter failure of proof to justify the verdict, nevertheless we do not order judgment for the defendant as the lack of evidence may be supplied on a new trial. See American Nat. Bank v. Lundy, 21 N. D. 167, 129 N. W. 99; First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Baird v. Stephan, 52 N. D. 568, 204 N. W. 188; Larson v. Albers, 53 N. D. 340, 205 N. W. 875.

Accordingly, the motion for a new trial should have been granted. The judgment is reversed and the case remanded for further proceedings in conformity with this opinion.

CHRISTIANSON, Ch. J., and NUESSLE and MORRIS, JJ., concur.

MILLER, District Judge (dissenting in part).

I concur in the conclusion that the judgment be reversed herein, but do not agree that a new trial should be granted. The majority find that there is an utter failure of proof to justify the verdict on a

record where both parties submitted evidence relative to all the issues raised in the case.

Plaintiff testified that he did not ask the defendant to guarantee the seed and that the defendant did not say it was good seed. He did not say that he relied on the seller's skill or judgment, and if he should so testify on another trial, such statement, in view of his admissions, would have little weight. However, granting that he did rely on the seller's skill or judgment, still the evidence is insufficient to show that the flaxseed was not of good germinating quality. Defendant sold flaxseed to different parties, some of whom had good crops, while others were not so fortunate. The plaintiff raised no flax on one 30-acre tract, while on another there was an average yield of better than two bushels per acre. Such was the experience of many others, some of whom bought seed from the defendant. All of which goes to prove that time of planting, soil, pests, and climatic conditions were important factors. Seed may germinate and yet never produce a crop or even grow above the ground.

The plaintiff has submitted his case and it cannot be assumed that his evidence will be different upon another trial. On the record no cause of action exists as a matter of law. The action should be dismissed.