Patrick **LININGTON**, Individually and as Trustee for the North Dakota Workmen's Compensation Bureau, Plaintiff and Respondent,

v.

McLEAN **COUNTY**, a Political Subdivision of the State of North Dakota, Defendant and Appellant.

No. 8324.

Supreme Court of North Dakota.

Oct. 13, 1966.

William F. Lindell, State's Atty., Washburn, and Duffy & Haugland, Devils Lake, for defendant and appellant.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for plaintiff and respondent.

STRUTZ, Judge.

This is an action for personal injuries allegedly suffered by the plaintiff in a collision between an automobile owned by the Boeing Company and driven by one of its employees, Jerry Stout, and a road maintainer belonging to the defendant. The plaintiff also was an employee of the Boeing Company.

The jury returned a verdict for the defendant, whereupon the plaintiff made a motion for judgment notwithstanding the verdict of the jury or for a new trial. The trial court, after hearing on the motion, found that the defendant was negligent as a matter of law, granted judgment for the plaintiff notwithstanding the verdict of the jury, and ordered that the case be retried on the question of damages only. The trial court further ordered that, in the event the Supreme Court, on appeal, should reverse the order granting judgment notwithstanding the verdict, it would be the order of the trial court that a new trial be had on all issues.

The defendant County, as third-party plaintiff, had served a third-party summons and complaint on Jerry Stout, driver of the

car, and upon the Boeing Company, his employer. It was contended that both Stout and the plaintiff were in the course of their employment at the time of the accident. Section 65–04–28, North Dakota Century Code, provides that employers who comply with provisions of the compensation law are not liable for damages for injuries to or death of employees suffered in the course of such employment. On motion of the third-party defendants, the third-party complaint was ordered dismissed. No appeal was taken from the judgment entered on such order of dismissal.

Judgment thereafter was entered on the order granting judgment notwithstanding the verdict, and the defendant has appealed to this court from such judgment.

The facts disclose that, just prior to the accident, the defendant's grader was being operated in a northerly direction on the highway, on the left side of the road. The grader was twelve feet high and had a small flag mounted on its top, extending approximately three feet above the top of the maintainer. At the time of the accident, the grader was being operated on the left side of the road and up a grade, or incline, in the highway, which obscured the view of traffic coming from the north. When the car in which the plaintiff was riding came over the crest in the road, the maintainer was approximately 100 feet from the top of the hill. The record shows that the driver of the car had observed the maintainer prior to reaching the crest in the road, for the car laid down 113 feet of skidmarks prior to impact. The record shows that the car was being driven at a speed of forty-five to fifty miles an hour. After laying down such skidmarks, the car struck the maintainer, which weighed over 34,000 pounds, and pushed it back approximately three feet. There was ten feet, eight inches of driving space to the right of the patrol, with no oncoming traffic.

■ From this evidence, the jury found for the defendant. Its verdict was based either on a finding that the defendant was not negligent at all, or that the defendant, although negligent, was not liable for injuries suffered by the plaintiff by reason of the plaintiff's own contributory negligence. Ordinarily, the negligence of the driver of a host car is not imputed to the guest. Only a guest's own negligence will bar recovery against a negligent third person. Fisher v. Suko (N.D.), 111 N.W.2d 360; Wilson v. Oscar H. Kjorlie Co., 73 N.D. 134, 12 N.W.2d 526.

■ Before a motion for judgment notwithstanding the verdict will be granted, it must be conclusively established that the party making the motion is entitled to judgment as a matter of law. Aetna Indemnity Co. v. Schroeder, 12 N.D. 110, 95 N.W. 436.

■ In order to justify the granting of an order for judgment notwithstanding the verdict, the record must show positively that the verdict returned by the jury was not justified by the evidence and it must further appear that there is no reasonable probability that the proof necessary to support the verdict will be stronger on another trial. Meehan v. Great Northern Ry., 13 N.D. 432, 101 N.W. 183.

The North Dakota rules of the road provide that, on all roadways of sufficient width, a vehicle shall be driven on the right half of the road, except when overtaking and passing another vehicle going in the same direction, or when the right half of the road is closed for repairs, or when the highway is designated as a one-way highway. Sec. 39–10–08, N.D.C.C. Such rules further provide that no vehicle shall be driven to the left of the center of such road at any time when approaching a crest in the highway, where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle should approach from the opposite direction. Sec. 39–10–14, N.D.C.C.

The accident in which the plaintiff claims to have suffered the personal injuries complained of occurred on August 19, 1963.

The 1963 Legislative Assembly had enacted Chapter 283 of the 1963 Session Laws, amending and re-enacting Section 39–07–05, North Dakota Century Code. The amendment, which became effective July 1, 1963, just prior to the date of the accident in this case, provided:

> "The provisions of chapters 39–08 through 39–13, and chapter 39–21, applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles owned or operated by this state or any county, district, or other political subdivision of this state subject to such specific exceptions as are set forth in such chapters. The provisions of such chapters shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work upon the surface of a highway and other procedures that are necessary and are carried on in a safe and prudent manner but shall apply to such persons and vehicles when traveling to or from such work."

It will be noted that the rules of the road embodied in Chapters 39–08 through 39–13, applicable to drivers of vehicles upon the public highways, shall apply to all vehicles, including those owned and operated by the State and municipal corporations, except insofar as vehicles of the State, county, or other political subdivisions are specifically exempt by statute. Section 6, Chapter 283, of the 1963 Session Laws, the statute in force at the time the cause of action in this case arose, provides that the above rules of the road shall not apply to drivers of vehicles owned and operated by the State, or any county, district, or other political subdivision, "while actually engaged in work upon the surface of a highway and other procedures that are necessary and are carried on in a safe and prudent manner * * * "

This exemption includes Section 39–10–14, North Dakota Century Code, which provides that no vehicle shall be driven to the left of the center of a road at any time when approaching a crest in the highway, where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle approaches from the opposite direction.

■ In defending the procedures which were followed in operating the county grader on the left side of the highway, it was necessary for the defendant in this case to show that such equipment was actually engaged in work upon the surface of the highway at the time of the accident, and that such work and procedures were necessary and were being "carried on in a safe and prudent manner."

■ On a motion for judgment notwithstanding the verdict of the jury, the evidence must be considered in the light most favorable to the one in whose favor the jury returns a verdict. Pederson v. O'Rourke, 54 N.D. 428, 209 N.W. 798. Such motion admits the truth of all inferences and conclusions which can reasonably be drawn from the evidence which are favorable to the party opposing the motion. Larson v. Meyer (N.D.), 135 N.W.2d 145. Such motion should not be granted where there was an issue for the jury to pass on.

■ Whether the operation of a maintainer up an incline in the highway on the left side of the road was "safe and prudent" under the circumstances was a question of fact for the jury. The jury might well have considered that it was just as "safe and prudent" for the maintainer to be operated on the left side of the highway as it would have been to operate it on the right side of the highway, in which event it would have been traveling in the opposite direction. The only difference in the case would have been that the automobile would have struck the rear of the grader instead of hitting the front. Thus there clearly was an issue for the jury to determine. That issue was whether the operation of the maintainer in the manner in which it was being operated at the time was "safe and prudent." This court has held that a motion for judgment

notwithstanding the verdict should not be granted where there was an issue for the jury. Olstad v. Stockgrowers Credit Corp., 66 N.D. 416, 266 N.W. 109.

■ The jury might also have found that the speed of the driver of the car was the sole cause of the accident. Pushing a 34,000-pound maintainer three feet indicates considerable speed.

■ The question of negligence is always a question for the jury unless on the whole case reasonable men can draw but one inference therefrom. From the above, it will be seen that there was evidence on which the jury could have found as it did find. Thus it was error for the trial court to grant the motion for judgment notwithstanding the verdict.

We next consider whether the defendant is in a position to raise the question of whether the evidence was sufficient to justify the order of the trial court granting plaintiff's motion for judgment notwithstanding the verdict on the issue of liability and a new trial on the issue of damages.

The plaintiff points out that, under Section 28–18–09, North Dakota Century Code, a party who desires to appeal from a judgment or other determination of the district court, except upon appeal triable de novo in the Supreme Court, shall serve with his notice of appeal a concise statement of the errors of law of which he complains. If he complains that the evidence is insufficient to support the verdict, he shall so specify.

■ In the case at bar, the defendant appeals from the order granting judgment notwithstanding the verdict on the issue of liability and for a new trial on the issue of damages. When the motion for judgment notwithstanding the verdict was presented to the trial court, it was based on the motion for directed verdict made by the plaintiff at the close of all of the testimony. The purpose of the rule cited by the plaintiff, which requires a party who appeals from a judgment or other determination of the district court to serve with his notice of appeal a concise statement of the errors of law of which he complains, or, if he complains that the evidence is insufficient to support the verdict, requires a concise statement of such insufficiency, is to apprise opposing counsel and the court of the failure of the evidence to sustain the issue involved.

■ The provisions of Section 28–18–09, North Dakota Century Code, which the plaintiff contends required the defendant to serve, with its notice of appeal from the order granting judgment notwithstanding the verdict, a concise statement of the errors of which he complains, do not apply to an appeal from an order granting motion for judgment notwithstanding the verdict. The only question to be considered on such appeal from an order granting judgment notwithstanding the verdict is whether the verdict which was returned by the jury was sustained by any substantial evidence. If there was competent and substantial evidence on which the jury based its verdict, the order granting judgment notwithstanding the verdict should not have been made.

■ We believe that the defendant is in a position, under the circumstances in this case, to raise the issue of whether the evidence in the case was sufficient to justify the order of the trial court granting plaintiff's motion for judgment notwithstanding the verdict, without setting forth specific specifications of error or specifications of insufficiency of the evidence. The sole question to be decided on the motion for judgment notwithstanding the verdict was whether the evidence on which the jury had based its verdict was sufficient to justify the verdict. We hold that the evidence was sufficient, and that the trial court erred in granting plaintiff's motion for such judgment notwithstanding the verdict.

■ An order granting a motion for judgment notwithstanding the verdict is not a judgment based on a jury's verdict. It is an order of the trial court, and the

judgment entered thereon notwithstanding the verdict becomes the judgment of the trial court and is not based on the verdict of the jury. In determining whether the trial court erred in granting this motion, we test the order and the judgment in the light of the evidence which the party moving for judgment notwithstanding the verdict points out as being insufficient to justify the verdict of the jury.

■ Therefore, where both parties, at the close of the evidence in the case, moved for directed verdict, and specified the grounds on which their motions were made, and the jury thereafter returned its verdict for the defendant, dismissing the plaintiff's complaint, and the plaintiff then moved for judgment notwithstanding the verdict, which motion was granted by the trial court, it is not necessary, on appeal from such order granting judgment notwithstanding the verdict, that the appellant serve a statement of the errors of which he complains, with his notice of appeal. The sole inquiry on such appeal is whether the matters presented on the plaintiff's motion for judgment notwithstanding the verdict were sufficient to justify the trial court's granting of such motion and ordering judgment notwithstanding the verdict.

Having held that the trial court erred in granting judgment notwithstanding the verdict of the jury, we now will consider whether the granting of a new trial on all of the issues was error.

■ North Dakota Rules of Civil Procedure set forth specific grounds on which a new trial may be granted. Rule 59(b), N.D.R.Civ.P. These grounds are exclusive, and it is error for a trial court to grant a new trial unless based on at least one of such grounds. Haser v. Pape, 78 N.D. 481, 50 N.W.2d 240.

■ A case once tried and concluded by a verdict should not be reopened and retried unless a careful examination of the record shows that justice so requires.

Campbell v. Russell (N.D.), 132 N.W.2d 705.

■ The ground on which the motion for judgment notwithstanding the verdict or for a new trial was based was that the evidence produced at the trial was insufficient to justify the verdict. Rule 59(b) (6), N.D.R.Civ.P. The trial court found that the evidence was insufficient to support the verdict and held that the evidence showed that the plaintiff was entitled to recover from the defendant as a matter of law. With this conclusion we do not agree, for reasons already stated. However, a motion for new trial based on insufficiency of the evidence is addressed to the sound, judicial discretion of the trial court, and the action of the trial court in passing on such motion will not be disturbed unless an abuse of discretion is clearly established. Stokes v. Dailey (N.D.), 97 N.W.2d 676; Grenz v. Werre (N.D.), 129 N.W.2d 681; Kuntz v. McQuade (N.D.), 95 N.W.2d 430.

■ An order granting a new trial on the ground of insufficiency of the evidence will not be reversed as readily as an order denying a new trial, since such order granting a new trial does not make final determination of the case. Olson v. Thompson (N.D.), 74 N.W.2d 432; Mischel v. Vogel (N.D.), 96 N.W.2d 233.

· Appellate courts are much more reluctant to interfere with the action of a trial court in granting a new trial than they are to interfere when a new trial has been denied. Blum v. Standard Oil Co., 68 N.D. 329, 279 N.W. 764.

■ We have examined the evidence carefully, and on the facts disclosed by the record we cannot say that the trial court abused its discretion in granting the plaintiff a new trial on all of the issues.

It might be urged that, where we find that there was some evidence on which the jury could base its verdict, and that therefore the motion for judgment notwith-

standing the verdict should have been denied, we could not logically uphold the trial court's action in granting a new trial. In answer to such argument, we would point out that different rules must be applied in considering the motion for judgment notwithstanding the verdict and the motion for a new trial. As has heretofore been pointed out, where a motion is made for judgment notwithstanding the verdict, such motion cannot be granted where there was an issue for the jury to pass on. Olstad v. Stockgrowers Credit Corp., supra. A motion for new trial, on the other hand, is addressed to the sound discretion of the trial court, and the action of the trial court in passing on such motion will not be disturbed unless an abuse of discretion is clearly established. Thus it is possible for us to find that the evidence is not sufficient to sustain the trial court in granting a motion for judgment notwithstanding the verdict, while at the same time finding that the evidence is such that we will sustain the court in granting a motion for a new trial.

 That a motion for judgment notwithstanding the verdict can be denied and motion for new trial granted on the same record was clearly indicated by this court in Chicago, M., St. P. & P. R. Co. v. Johnston's Fuel Liners, N.D., 122 N.W.2d 140, where we said:

"Where a motion is made for a judgment notwithstanding the verdict and, in the alternative, for a new trial and the trial court grants the motion for judgment notwithstanding the verdict but does not pass conditionally on the motion for a new trial, as required by Rule 50(c), N.D.R.Civ.P., on reversal of the trial court on appeal, the case may be remanded to permit the moving party to press promptly for a ruling from the trial court on his motion for a new trial."

In Chicago, M. St. P. & P. R. Co. v. Johnston's Fuel Liners, N.D., 130 N.W.2d 154, when this case again came before us, we held that a motion for judgment notwithstanding the verdict does not go to the weight of the evidence, and such judgment should not be granted unless the moving party is entitled to judgment as a matter of law. But a motion for new trial on ground of insufficiency of the evidence invokes the legal discretion of the trial court to be exercised in the interest of justice, and, where it appears to the trial court that the verdict is against the weight of the evidence, it is the duty of the trial court to set aside the verdict and grant a new trial.

We believe it should be noted that the 1963 amendment of Section 39–07–05, North Dakota Century Code, requiring that it must be shown that the work performed by equipment owned by the State and its political subdivisions was "carried on in a safe and prudent manner" in order to exempt such equipment from the provisions of the rules of the road, was again changed by the 1965 Legislative Assembly. Chap. 266, 1965 S.L. Just what the effect of the provisions of the 1965 amendment might be is not considered in this opinion.

The judgment notwithstanding the verdict is reversed, and the order granting a new trial is affirmed.

TEIGEN, C. J., and ERICKSTAD, KNUDSON and MURRAY, JJ., concur.