[File No. 6908.]

SAM A. WILSON, Respondent, v. OSCAR H. KJORLIE CO., Appellant.

(12 NW(2d) 526)

Opinion filed January 3, 1944

*J. E. Hendrickson* and *Roy Redetzke,* for appellant.

*Francis Murphy* and *Paul G. Thonn,* for respondent.

MORRIS, Ch. J.   This is an action for the recovery of damages for personal injuries sustained in a collision between a truck driven by an employee of the defendant and an automobile in which the plaintiff was riding as a guest.   The case was tried to a jury which brought in a verdict for the plaintiff in the sum of $3000.   The defendant moved for a judgment notwithstanding the verdict or for a new trial. The case comes to us on appeal from the judgment entered on the verdict and from the order of the court denying defendant's motion.

The defendant challenges the correctness of the verdict upon the ground that the evidence fails to show negligence on the part of the

driver of the defendant's truck and that it affirmatively shows contributory negligence on the part of the plaintiff which bars his recovery as a matter of law. Questions of negligence and contributory negligence are primarily for the jury. It is only when facts and circumstances are such that only one inference can fairly and reasonably be drawn therefrom with respect to either the negligence of the defendant or the contributory negligence of the plaintiff that the matter becomes a question of law to be decided by the court irrespective of the verdict. Bratvold v. Lalum, 68 ND 534, 282 NW 514; Logan v. Schjeldahl, 66 ND 152, 262 NW 463; Stelter v. Northern P. R. Co. 71 ND 214, 299 NW 310; Schnell v. Northern P. R. Co. 71 ND 369, 1 NW(2d) 56.

In view of the verdict in favor of the plaintiff we must consider the evidence in the light most favorable to him. When the evidence is thus viewed it presents substantially the following facts. The plaintiff is a man 57 years of age. The accident in which he was injured occurred in the city of Fargo in the afternoon of August 28, 1942. He was riding in a car driven by Ferdinand Foss. He was injured in a collision that occurred between the car that Foss was driving and a truck owned by the defendant that was proceeding north on Third street.

Immediately prior to the accident Foss had entered Second avenue from an alley in the middle of the block west of the intersection at which the accident occurred. As he approached the intersection in intermediate gear at about 15 miles per hour he slowed down. Both the plaintiff and Foss saw the truck approaching 75 or 80 feet from the intersection as they entered it. Foss thought he could cross safely and speeded up a little bit. The truck was coming downgrade. Its speed increased as it approached. It was going about 30 miles per hour. After the Foss car had entered the intersection the plaintiff said to the driver "hurry." Both vehicles were proceeding on the right sides of their respective streets. The truck struck the car on the right side crushing the rear door and rear fender. The plaintiff was rendered unconscious for a time and received severe bodily injuries.

The defendant contends that the plaintiff is guilty of negligence that contributed proximately to the accident because he failed to caution

Foss to stop at the intersection and because he later admonished Foss to hurry as the truck bore down upon them.

The first question to be determined is whether the evidence is sufficient to warrant the jury in determining that the driver of the truck was negligent. Neither of the streets on which the parties were traveling was a through street or favored highway. There were no stop signs at the intersection. It was incumbent upon both drivers to exercise reasonable care and observe rules of the road. The evidence shows that the truck was exceeding somewhat the speed limit prescribed by an ordinance of the city of Fargo. The truck driver first saw the car as the truck was on the intersection line. The testimony is conflicting. The jury determined that the driver was negligent. The evidence is sufficient to support that determination and we cannot say that it shows, as a matter of law, that he was not negligent.

The next question is whether the plaintiff is barred from recovery by contributory negligence. Contributory negligence on the part of Foss alone would not bar the plaintiff's recovery. The correct rule with regard to this situation is set forth in paragraph 1 of the syllabus in Bagan v. Bitterman, 65 ND 429, 259 NW 268, wherein we said: "Where one is a guest of a driver of an automobile the fact that the driver cannot recover for damages accruing from a collision between his car and a truck, because of his own contributory negligence, does not prevent the guest from recovering damages arising from the collision, when the collision was caused by the negligence of the operator of the truck, as the contributory negligence of the driver of the car is not attributable to the guest; but if the guest is himself guilty of contributory negligence then such contributory negligence would bar recovery."

We now come to the question of the contributory negligence of the plaintiff himself. If the plaintiff was aware of obvious danger in time to warn the driver and failed to do so or if he exercised control or authority over the driver which resulted in negligence on the part of the driver, the plaintiff would be guilty of negligence.

Both the plaintiff and the driver saw the truck approaching the intersection some 75 feet away. The driver being aware of the approach of the truck there was no negligence on the part of the plaintiff in failing to warn the driver. Both occupants of the car thought it was safe

to proceed. The danger did not become apparent until they had entered the intersection. The jury was warranted in determining that there was no contributory negligence on the part of the plaintiff either in failing to warn the driver or in not directing him to stop. Goehmann v. National Biscuit Co. 204 Wis 427, 235 NW 792.

After the danger became imminent the plaintiff said to the driver "hurry." The defendant argues that he thereby exercised control over the automobile. In this he assumes too much. The record does not indicate that the plaintiff's exclamation affected the driver in any way or contributed to the accident to any degree whatever. Rodgers v. Saxton, 305 Pa 479, 158 A 166, 80 ALR 280. The jury found for the plaintiff, thereby determining that he was not guilty of negligence that contributed proximately to the accident. The evidence is sufficient to justify the verdict in this respect.

The defendant contends that the evidence is insufficient to sustain any recovery for loss of earnings; that the court erred in denying defendant's motion to strike the testimony pertaining to the loss of future earnings and also erred in instructing the jury with respect to the recovery of damages for loss of earnings which was unduly emphasized by the court in a further instruction limiting the recovery of such damages to the sum of $166.66 per month or at the rate of $2000 per year from the date of the accident to the time of trial.

The only testimony in the record concerning loss of earnings is that of the plaintiff. On direct examination his testimony substantially relates the following facts. He was 57 years old at the time of trial. In 1931 he had his left foot and left arm amputated as the result of being frozen. For about ten years prior to the accident involved in this lawsuit he had been in the business of buying and selling horses and secondhand farm machinery. He also owned a lumber camp. Since the injury the plaintiff was unable to do any work with reference to the care and management of the business. At the time of trial it was more or less at a standstill. The average net income received by the plaintiff from his business over a period of ten years prior to the accident was $2000 or $3000 per year. By reason of the accident and the injuries sustained by the plaintiff which resulted in his inability to do any work whatever, this income was lost entirely.

Plaintiff's testimony under cross-examination discloses that his chief

business was located at Moorhead, Minnesota, but he did some business at Bemidji where the lumber camp was located. At Moorhead his place of business consisted of four acres of land located on the outskirts of the city. He bought secondhand farm machinery, repaired it and resold it. The repair work was done by two employees who were father and son and who were competent mechanics. The plaintiff would go out and buy the machinery and the employees would bring it in to the place of business in the plaintiff's truck. After it was reconditioned the plaintiff would sell it to farmers. The two mechanics still occupy the business premises and work for the plaintiff off and on. Since the accident plaintiff's wife assists in caring for the business. "She keeps track of the men that want to purchase and keeps track of the people that pay. Office work." She has made a few sales. Some machinery was on hand at the time of trial.

The defendant contends that this case is governed by the rules set forth in the following headnote in Lo Schiavo v. Northern Ohio Traction & Light Co. 106 Ohio St 61, 138 NE 372, 27 ALR 424, 22 NCCA 340: "4. In such actions it is proper to admit evidence of a party's business, its character, its extent, the particular part transacted by him and the compensation paid to persons doing such business for another; but it is error to admit evidence of net profits of such business for a period immediately prior to such injury."

The plaintiff on the other hand contends that the income was derived chiefly from the plaintiff's personal skill and knowledge and not from any substantial capital investment or assistance from others; that no uncertainty exists as to the earnings at least to the extent of $2000 per year or the fact that their loss is attributable to the injury. He asserts that damages actually exist with reference to earnings; that such damages resulted from the wrongful act of the defendant and that when such a basis for recovery has been established, recovery may not be denied because the extent of the damages may be difficult to ascertain. It is further argued that testimony as to the ten-year average of earnings immediately preceding the accident is entirely sufficient to permit the jury to determine the extent of damages.

The general rule is that one who is injured in his person through the fault of another may recover for loss sustained through being deprived of his earning power. Difficulty arises in applying the rule in many

instances. A divergence of authority exists with reference to both the admissibility of testimony and the measure of damages to be applied in determining the extent of the compensable loss, particularly where the person injured was engaged in business for himself. This divergence is apparent from the cases cited in extensive notes found in 9 ALR 510, 27 ALR 430 and 63 ALR 142. See also 15 Am Jur 499–503, Damages, §§ 89–93; 25 CJS, Damages, §§ 86, 87.

It is apparent from the plaintiff's testimony that his business consisted of three activities; buying, reconditioning and selling farm machinery, buying and selling horses and the ownership of the lumber camp. His income presumably came from all three activities. The machinery business was continued with the help of plaintiff's wife. What became of his other activities does not appear. The general nature of the machinery business and the number of employees is disclosed but nothing is said as to the amount of capital employed or the amount of business done either before or after the injury. No details are given concerning the lumber camp or horse sales. The testimony concerning the amount of plaintiff's income was given from memory. His books had been destroyed by fire previous to the trial.

The defendant moved "that all of the testimony of the plaintiff introduced in this case with reference to loss of future earnings be stricken, for the reason and upon the ground that there is no foundation, that the testimony is too uncertain, and that his statements are too speculative and conjectural for the jury to bring in any award for loss of earnings." This motion was argued to the court and treated by counsel and the court as applying to loss of earnings between the date of injury and the trial. The motion was denied.

At the close of the trial the court instructed the jury with reference to the loss of time and earnings and advised the jury that the damages, if any, awarded the plaintiff for loss of earnings should not exceed the sum of $166.66 per month or at the rate of $2000 per year. The denial of the motion to strike is specified as error. The instruction is also challenged upon the ground that no admissible evidence was before the jury warranting damages for loss of earnings and upon the further ground that the instruction tended to emphasize to the jury that they might award damages for loss of earnings up to $2000, the lower bracket of plaintiff's estimated income.

Under the facts disclosed by this record we do not doubt but that the plaintiff suffered a loss to his business as the result of the injury. This however does not relieve him of proving his damages with reasonable certainty nor does it permit the jury to enter the field of speculation and conjecture in awarding him compensation.

The rule to be applied in this case is ably stated by Winslow, Ch. J. in Lehman v. Amsterdam Coffee Co. 146 Wis 213, 131 NW 362, wherein it is said: "It has been held by this court that where a person who is running an established business dependent on his own exertions is disabled by another's negligence, the character and size of the business may be shown, the capital and labor employed, and the quality and amount of his own services therein, as well as the profits of the business, not for the purpose of recovering the profits, but simply to throw light on the quality and value of the plaintiff's earning capacity. Heer v. Warren-Scharf Asphalt Paving Co. 118 Wis 57, 94 NW 789; Muench v. Heinemann, 119 Wis 441, 96 NW 800. All of the elements above named are essential in order to justify the admission of proof of the profits, and where, as in the present case, it appears that the estimate of profits is a mere guess with no books or memoranda to base it on, the evidence of profits should not be admitted, or, if admitted, should be stricken out."

The ultimate fact for the jury to determine was the value of plaintiff's services which were lost by virtue of the injury and not the profits or net income from his business activities. The amount of income could not be shown without proper preliminary facts such as the character and magnitude of the business and capital employed, the employees hired and the quality and amount of services rendered by them as well as by the plaintiff himself. The testimony in this case falls far short of meeting these requirements. In the absence of necessary preliminary elements, plaintiff's testimony as to the amount of his income is incompetent and should have been stricken. In the absence of competent evidence the court should not have permitted the jury to award damages for loss of earnings. The error thus committed requires that a new trial be granted.

CHRISTIANSON, BURR, BURKE, and NUESSLE, JJ., concur.