Marie HANSON, Plaintiff and Respondent,

v.

Vern FLEDDERMAN, doing business as Vern's Tavern, and Henry Reese, Defendants and Appellants.

No. 7962.

Supreme Court of North Dakota.

Oct. 18, 1961.

Rehearing Denied Nov. 10, 1961.

Longmire & Caldis, Grand Forks, for plaintiff and respondent.

Day, Stokes, Vaaler & Gillig, Grand Forks, for defendants and appellants.

STRUTZ, Judge.

This is an action brought by the plaintiff for loss of services, support, and society of her husband, Wesley Hanson, who died as the result of injuries received in a bar owned by the defendant Fledderman, which bar was being operated, at the time of such injuries, by the defendant Henry Reese, an employee of Fledderman.

There is no dispute as to the facts. The plaintiff's husband had gone to the defendants' bar at about six o'clock in the evening. It is undisputed that, at that time, he was sober. Between six and nine-thirty, he purchased and consumed an undetermined number of glasses of beer. The defendant Henry Reese testified that the plaintiff's husband was in the tavern when he arrived for work, at about six-thirty o'clock, and admits selling him four glasses of beer but doesn't remember that he sold more than that to him. There is testimony that the plaintiff's husband was a peaceable individual when sober, but quarrelsome when intoxicated. During the evening, the plaintiff's husband became involved in several arguments and, at about nine-thirty o'clock, was involved in a fight in which he received injuries from which he subsequently died.

At the close of all of the testimony, the defendants moved for a directed verdict on the grounds that the plaintiff had failed to prove a case upon which recovery could be had; that the plaintiff had failed to prove that there was any intoxication involved in this case as a result of which the plaintiff was injured; that there is no proof that the deceased was intoxicated; and that the evidence shows that plaintiff's decedent died as a result of injuries caused when his head struck the floor, and not in consequence of intoxication. Counsel for the plaintiff resisted this motion, and it was denied and the case was submitted to the jury. The jury, however, was unable to agree on a verdict and was discharged.

The defendants thereupon moved for judgment under Rule 50(b) of the North Dakota Rules of Civil Procedure, in accordance with their motion for directed verdict. This motion was denied by the trial court. The defendants have appealed from the order denying their motion.

In denying a motion for directed verdict, the court shall be deemed to have submitted the case to the jury subject to a later determination of the questions of law raised by the motion. If no verdict is returned by the jury, the court may direct the entry of judgment as if the requested verdict had been directed, or the court may order a new trial. N.D.R.Civ.P. 50(b).

A motion for judgment notwithstanding the failure of the jury to agree on a verdict, or for judgment notwithstanding the verdict, calls for a review of the grounds assigned in support of the motion for a directed verdict. Leach v. Kelsch, N.D., 106 N.W.2d 358; Westerso v. City of Williston, 77 N.D. 251, 42 N.W.2d 429.

The only question before the appellate court on an appeal from an order denying motion for judgment notwithstanding the verdict is whether the motion for directed verdict should have been granted had the court not been prohibited from granting the same because of Rule 50(a), North Dakota Rules of Civil Procedure.

Such a motion for judgment notwithstanding the verdict in effect calls for a review of the trial court's ruling in

denying the plaintiff's motion for a directed verdict, and thus it brings before the trial court, for the second time, questions raised by the motion for directed verdict. On such an appeal, only the grounds assigned on the motion for directed verdict will be considered. Kinnischtzke v. City of Glen Ullin, 79 N.D. 495, 57 N.W.2d 588.

█ In the action before us, certain statutory provisions are to be considered.

Section 5–01–21 of the North Dakota Century Code gives to every wife, child, parent, guardian, employer, or other person who shall be injured in person, property, or means of support, by any intoxicated person, "or in consequence of intoxication," a right of action against any person who, "by selling, * * * alcoholic beverages contrary to the provisions of any statute," shall have caused the intoxication of such person. Section 5–05–09, among other things, prohibits the sale of alcoholic beverages to "an intoxicated person." The plaintiff's complaint alleges, as one cause of action, that the defendants sold alcoholic beverages to her husband after he had become intoxicated and that such illegal sale contributed to her husband's intoxication, and that his intoxication was the proximate cause of the injuries resulting in the death of plaintiff's decedent and the consequent loss to the plaintiff.

The defendants' motion for judgment notwithstanding the failure of the jury to agree on a verdict thus calls for a review of the grounds assigned in support of the original motion for directed verdict, and, on appeal, this court must determine whether such motion should have been granted had the court not been prohibited from granting the same by rules of procedure. In considering this matter, we will examine only the grounds which had been urged on the motion for directed verdict. Weber v. United Hardware & Implement Mutuals Co., 75 N.D. 581, 31 N.W.2d 456. In denying this motion, the trial court stated that he believed there was ample evidence in the record on which the jury could have found for the plaintiff under the allegations of the plaintiff's complaint.

We have carefully examined the evidence, and the rulings pertinent to such motion for directed verdict, and have concluded that the defendants would not have been entitled to a directed verdict at the close of the trial. Therefore, the trial court did not err in denying defendants' motion for judgment notwithstanding the failure of the jury to arrive at a verdict.

The order of the district court is affirmed.

SATHRE, C. J., and MORRIS, BURKE, and TEIGEN, JJ.