**MIDLAND OIL AND ROYALTY COMPANY, Inc., Plaintiff and Respondent,**

v.

**Ben SCHULER, Defendant and Appellant.**

No. 8109.

Supreme Court of North Dakota.

Jan. 21, 1964.

Vogel, Ulmer & Bair, Mandan, for de-fendant and appellant.

Gallagher & Hodny, Mandan, for plaintiff and respondent.

TEIGEN, Judge.

The plaintiff, Midland Oil and Royalty Corporation, seeks to recover from the defendant, Ben Schuler, $5,000, plus interest,.

which it alleges it loaned the defendant on May 19, 1961.

The defendant in his answer denies he is indebted to the plaintiff and alleges that on or about May 19, 1961, he borrowed the sum of $5,000 from one Harry Berg personally on the express condition that the said sum would be repaid out of, and only out of, earnings from the $10,000 investment in Globe Petroleum Company Unit A, an investment sold to the defendant by the said Harry Berg and others, and that said amount is not due because the defendant has received no earnings from the investment. He alleges he has no information as to the ownership of any claim against him by the plaintiff.

The case was tried to a jury. It returned a verdict in favor of the plaintiff.

The defendant has appealed from the judgment specifying certain errors in the instructions.

The evidence establishes that Harry Berg was president of the plaintiff corporation, secretary-treasurer of Great Plains Royalty Corporation, and a partner in Globe Petroleum Company. All of these enterprises were in the business of purchasing oil royalties, minerals and leases. The defendant, although principally a farmer, had also been engaged as an oil broker for about ten years. He had dealt with all of these enterprises. He was a stockholder in the Great Plains Royalty Corporation. He had purchased a $10,000 investment unit from Globe Petroleum Company and he had been employed as a lease purchaser by the plaintiff corporation. All of these enterprises apparently were operated from a single suite of offices.

The Great Plains Royalty Corporation had held its annual stockholders' meeting. The defendant attended. After the meeting there was a conversation between the defendant and Harry Berg. There were no witnesses and nothing was reduced to writing. However, it is agreed by the defendant and Berg that the subject matter of the conversation involved a request for a $5,000 loan by the defendant. The conversation was very short but the participants do not agree as to the agreement that resulted. The defendant claims he arranged a loan from Harry Berg which would be repaid out of earnings from his $10,000 investment in Unit A purchased from Globe, although he admits Berg did not state from what source the money would be forthcoming. Berg claims the defendant wanted to borrow the money to buy some cattle in Montana and it was agreed the money would be repaid shortly, possibly in six weeks. He indicates the loan was made by the plaintiff corporation of which he was president.

Approximately a week or ten days later a check of the plaintiff corporation in the amount of $5,000 was mailed to the defendant. The check is in evidence. The defendant admits receiving it, endorsing it and depositing it to his account. He admitted he knew it was drawn on the plaintiff's corporate account. He acknowledges it is the money he borrowed but claims the loan was from Harry Berg personally, that he did not borrow money from the plaintiff corporation and is not indebted to it. He also claims the loan is not due because he has received no earnings from Globe. Thus the issues were framed.

The defendant has appealed from the judgment on the ground that the court has misdirected the jury with respect to the burden of proof. The court instructed the jury that the plaintiff has the burden of proof to prove the material allegations of its complaint. Immediately following this instruction, it instructed as to the defendant's burden of proof as follows:

"Likewise, the burden of proof is upon the defendant to prove to your satisfaction by a fair preponderance of the evidence the material allegations of his Answer. If the defendant sustains this burden, you will return a verdict in his favor dismissing plaintiff's cause of action against him."

**152**

The foregoing paragraph of the instructions was immediately followed by this instruction:

"If neither the plaintiff nor the defendant sustain their burden as hereinabove outlined, you will return your verdict in favor of the defendant dismissing plaintiff's cause of action."

The quoted instructions are specified as error.

Nowhere in its instructions does the court advise the jury of the material allegations of either pleading.

■ The plaintiff has the burden of proof throughout the case. It must prove by a fair preponderance of the evidence, to the jury's satisfaction, the material allegations of its complaint. The burden of proof does not shift. When the plaintiff has, by evidence, established a prima-facie case, the burden of going forward with the evidence, often referred to as the burden of evidence, shifts to the defendant. If the defendant can impair the prima-facie quality of the case against him, the burden of evidence returns to the party having the burden of proof. This process continues until the stock of relevant facts is exhausted. Guild v. More, 32 N.D. 432, 155 N.W. 44.

■ The instruction, insofar as it placed the burden of proof upon the defendant to prove his denial of the allegations of the complaint, is clearly in error.

■ It is a general rule that he who asserts the affirmative of an issue has the burden of proving it. An affirmative defense must be pleaded. Rule 8(c), N.D.R. Civ.P. The defendant pleaded in his answer facts tending to establish that he received a loan from Mr. Berg and not from plaintiff. By his admissions in evidence he acknowledges he received and accepted the money from the plaintiff. From this evidence, he suggests, it must be inferred the plaintiff corporation paid to the defendant money on behalf of Berg to fulfill Berg's agreement to loan to the defendant. The plaintiff argues this constitutes an affirmative defense and that the burden rests upon the defendant to prove it by a fair preponderance of the evidence. We do not believe so. The averment of the answer is merely an attempt to traverse the allegations of the plaintiff by a general issue plea challenging the claim of the plaintiff. It pleads evidence that may have been introduced under the denial in the trial of the case to establish no cause of action ever existed. It attacks the truth of the plaintiff's allegations and ownership.

"If no cause of action ever had a legal existence, the proper answer is a denial, and the defendant may show thereunder any legal evidence going to show the non-existence of the cause of action." 41 Am.Jur., Pleading, Sec. 156.

The answer contains a negative averment framed in affirmative language and, where evidence was introduced to support it, the burden is upon the plaintiff to disprove it. The defendant does not have the burden of establishing the facts pleaded negatively by a fair preponderance of the evidence. In other words, when the plaintiff established its prima-facie case, the defendant introduced evidence tending to prove he did not borrow the money from the plaintiff. The defendant admits he received the money from the plaintiff corporation but offered evidence endeavoring to establish that he had borrowed the money from Berg personally and that the loan is not due. He attempts to create an inference that the plaintiff must look to Berg if it is to recover. This was sufficient proof, if believed by the jury, to render the existence of the negative probable until the contrary is shown.

The plaintiff then had the burden of going forward with evidence to refute the defendant's evidence. The plaintiff, also having the burden of proof, must refute defendant's evidence by a fair preponderance of the evidence.

■ The defendant pleaded a matter which he could prove under his denial of plaintiff's allegations. By so doing he did not assume the burden of proof as to such matter. 31 C.J.S. Evidence § 104, p. 715.

The fundamental principle is that the burden of proof rests upon the party who, as determined by the pleadings or the nature of the case, asserts the affirmative of an issue and it remains there until the termination of the action. 20 Am.Jur., Evidence, Sec. 135.

When the party having the burden of proof establishes a prima-facie case, he will prevail in the absence of proof to the contrary offered by the defendant. The defendant is not required to meet this prima-facie case by a preponderance of the evidence or by evidence of greater weight. It is sufficient if it equalizes the weight of the plaintiff's evidence. The burden of maintaining the affirmative of the issues in-volved is upon the plaintiff and remains with him throughout the trial. If upon all the facts the case is left in equipoise, the plaintiff must fail. 20 Am.Jur., Evidence, Sec. 1251.

The instruction placing the burden on the defendant to prove the material allegations of his answer by a fair preponderance of the evidence is clearly error. It served to misdirect the jury to the prejudice of the defendant.

A new trial must be granted and, in the light of this opinion, the second instruction specified as error is not fitting in a re-trial of the case; therefore, we need not pass upon it.

The judgment is reversed and a new trial granted.

MORRIS, C. J., and STRUTZ, ERICK-STAD and BURKE, JJ., concur.