Patrick D. LININGTON, Plaintiff and Respondent,

v.

McLEAN COUNTY, a political subdivision of the State of North Dakota, Defendant and Appellant.

Civ. No. 8480.

Supreme Court of North Dakota.

Sept. 24, 1968.

Rehearing Denied Oct. 15, 1968.

See also N.D., 150 N.W.2d 239.

**490**

Duffy & Haugland, Devils Lake, for appellant.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for respondent.

PAULSON, Judge.

This is a damage action for personal injuries sustained by the plaintiff, Patrick D. Linington, in a collision between a car driven by Jerry Stout and leased by the Boeing Company, their employer, and a Caterpillar road maintainer operated by Philip Zavalney, as an employee of the defendant, McLean County.

The jury returned a verdict in favor of Linington in the sum of $24,130.00 and judgment was entered on the verdict. McLean County, after the entry of judgment, moved for a judgment notwithstanding the verdict or in the alternative for a new trial. The trial court denied both phases of the motion and the County has appealed from the order denying the motion and from the judgment.

The collision occurred at approximately 1:30 p. m. on August 19, 1963, on McLean County Highway No. 27, about 1.7 miles south of its intersection with McLean County Highway No. 2 in McLean County, North Dakota. The accident took place about 100 feet south of the steepest hill on this particular portion of the highway. The vehicle in which Linington was riding as a passenger was being operated by Jerry Stout. Both Linington and Stout were within the scope of their employment at the time. McLean County Highway No. 27 is a graveled road, 23 feet in width at the point of the accident. The road was traveled considerably by persons associated with construction projects. The grader owned by McLean County was being operated in a northerly direction on the highway, on the left side and in the west lane thereof. The County did not display any signs, flares, markers, flags, or other devices on the highway to warn traffic that the grader was operating in the left lane. The sole warning device, which was on the 10-foot-6-inch-high road grader, consisted of a red flag extending approximately 3 feet above the

cab of the grader. Linington and Stout were traveling in a southerly direction in the west lane of Highway No. 27, on their way to a missile site south of the scene of the accident. At the time of the accident the maintainer was grading the south incline of a hill on Highway No. 27 which obscured the view of traffic coming from the north. As the car in which Linington was riding came over the crest of the hill, the maintainer was approximately a distance of 100 feet from the crest of the hill and, at that point, about 7 feet below the top of the hill. Stout had observed the maintainer before attaining the crest in the road, as his vehicle laid down 113 feet of skid marks prior to the impact. Stout claimed he was driving the vehicle at a speed of from 40 to 50 miles an hour. The car, after skidding the distance mentioned, struck the maintainer, which weighed in excess of 34,000 pounds, and moved it backwards approximately 3 feet. There was no oncoming traffic, the day was clear, the visibility good, and the wind was not blowing. A driving space of 10 feet 8 inches existed to the right of the patrol. Linington incurred severe injuries, consisting of permanent disability of his left elbow and arm.

Linington alleges in his complaint that Zavalney was operating a county road grader in a northerly direction on McLean County Highway No. 27 on the west or left side of the road; that said operations were carried on negligently and carelessly and in an unsafe and imprudent manner so that the road grader collided with the motor vehicle in which the plaintiff was riding; that Linington incurred injuries and, as a result, he expended moneys for hospital, medical, and other expenses; and he prayed for the recovery of such expenses, together with loss of wages, and damages for permanent injury to his left elbow and arm.

The County answered, admitting that the accident occurred on the 19th of August, 1963, at the time and place set forth in the complaint, between the two vehicles operated by Stout and Zavalney respectively, and that Zavalney was an employee of McLean County and was working within the scope of his employment at the time of the accident. The County, in addition, alleged that the motor grader was engaged in the actual operation of grading on the left and west side of the road, with said motor grader being well marked by a red flag on a staff, and that it was operating legally thereon in a careful and prudent manner. As a third and final defense, the County alleged that Stout was operating his vehicle in a careless and negligent manner at an excessive rate of speed for the conditions of the road, having failed to maintain a proper lookout, and to keep his automobile under control; that Stout's negligence was the sole and proximate cause of the accident; and that any damages sustained by Linington were contributed to by the negligence of Stout and by Linington himself.

The County, with reference to the motion for judgment notwithstanding the verdict or in the alternative for a new trial before the trial court, set forth specifications and assignments of error.

We will first consider the County's appeal from the order denying the motion for judgment notwithstanding the verdict. Where such a motion has been denied, the evidence must be considered in a light most favorable to the party in whose favor the verdict was rendered. Such motion admits the truth of all inferences and conclusions which can reasonably be drawn from the evidence which are favorable to the party opposing the motion. Such motion should not be granted where there is an issue for the jury to pass on. Bartholomay v. St. Thomas Lumber Company, 148 N.W. 2d 278 (N.D.1966); Linington v. McLean County, 146 N.W.2d 45 (N.D.1966); Larson v. Meyer, 135 N.W.2d 145 (N.D.1965); Chicago, M. St. P. & P. R. R. Co. v. Johnston's Fuel Liners, 130 N.W.2d 154 (N.D. 1964); Bell v. Cardinal Drilling Co., 85 N.W.2d 246 (N.D.1957). Furthermore, on an appeal from an order denying motion for judgment notwithstanding the verdict, the only grounds which will be considered

will be those which were assigned on the motion for a directed verdict. Hanson v. Fledderman, 111 N.W.2d 401 (N.D.1961); Leach v. Kelsch, 106 N.W.2d 358 (N.D. 1960).

We have carefully examined the court's rulings with reference to the motion for a directed verdict and the evidence in this case and have concluded that the County would not have been entitled to a directed verdict at the close of the trial. Thus the trial court did not commit error in denying the County's motion for judgment notwithstanding the verdict.

We will next consider the County's contention that the trial court erred in not granting the County's motion for a new trial.

The motion for a new trial is based on the following grounds:

## "SPECIFICATIONS OF ERROR

"1. That the Court erred in not allowing the testimony of Mr. Zavalney the grader operator, or an expert witness the McLean County Engineer Mr. Johnson, to testify as to the normal practice followed in McLean County with regard to grading and maintaining the roads and that the manner followed in the present instant was safe and prudent.

"2. Errors in the instructions to the jury and errors in failing to give instructions to the jury requested by the defendant.

"3. That the Court erred in giving the instructions contained in Pages 12, 13 and 14 through Line 19, as set out in the Court's written instructions which were delivered to counsel for plaintiff and defendant, and in particular to the following instruction at the top of Page 14, to-wit:

"'The Defendnat [sic] County, in order to come under the exemption stated above has the burden of proving:

"'1. That the work upon the surface of the highway was necessary;

"'2. That it was carried on in a safe and prudent manner.'

"4. Errors in law occuring [sic] at the trial, which errors consisted of rulings of the Trial Court adverse to the defendant, to-wit:

"a) Allowing testimony by the plaintiff that he would be unable to continue his schooling because of a lack of money, which testimony was irrelevant and highly prejudicial (page 5, line 25 of transcript).

"b) Questioning Mr. Zavaleny [sic] as to whether the hill was dangerous, which testimony was conclusionary and highly prejudicial (page 215, line 22 of transcript).

"c) Failure to admit into evidence official highway department charts showing stopping distances and reaction times (page 164, line 22 and page 165, line 3 of transcript).

"d) Not allowing Mr. Johnson, the engineer to testify as to his estimate of the height of a flag staff on top of the road grader (page 177, line 13 of transcript).

"e) Not allowing Mr. Zavaleny [sic] to testify that he occasionally met cars while grading on the road that went to his right to pass the grader (page 223, line 4 of transcript).

"5. Errors in law occuring [sic] at the trial which include all rulings of the Court in the admission of testimony adverse to the defendant.

"6. The Court erred in denying defendant's motion for a directed verdict for the dismissal of plaintiff's complaint.

## "INSUFFICIENCY OF THE EVIDENCE

"1. The evidence is insufficient to sustain the verdict or other decision, or that it is against the law.

"2. The plaintiff presented no evidence to show that the defendant was negligent

which would be sufficient to justify a finding of negligence by the jury against the defendant.

"3. The evidence conclusively shows that Jerry Stout the driver of the vehicle in which the plaintiff was riding was guilty of negligence and was the sole and proximate cause of the accident in which plaintiff was injured.

"4. The evidence conclusively shows that the said Jerry Stout was negligent in the following respects and was solely responsible for the accident in that he failed to maintain a proper lookout, he did not have his vehicle under control, and was driving at an excessive speed for the road conditions.

"5. The evidence conclusively shows that defendant was free from any negligence and shows that the work which was being conducted on the highway at the time of the accident by said government vehicle was necessary and was being carried on in a safe and prudent manner, and that the said government vehicle was exempt from the general rules and regulations of motor vehicles operating upon the highway as set out in Sec. 39–07–05 NDCC and amendments thereto."

These specifications encompass the pertinent issues in the lawsuit, which are as follows:

1. Whether the errors of law which the defense contends occurred during the course of the trial so prejudiced the case against the defendant that the jury could not come to a just conclusion; and

2. Whether the evidence was sufficient to sustain the verdict of the plaintiff.

■■ Contributory negligence of a host driver of an automobile is not imputable to his guest, but if the guest himself is guilty of contributory negligence it will bar his recovery against a negligent third person. Linington v. McLean County, 146 N.W.2d 45 (N.D.1966); Fisher v Suko, 111 N.W.2d 360 (N.D.1961). We believe after a review of the record that Linington was not negligent.

McLean County strenuously contends that Linington relied and based his entire case upon the fact that the grader operated by Zavalney was proceeding on the left-hand side of the road, even though, pursuant to the provisions of Section 39–07–05 of the North Dakota Century Code (Sec. 6, ch. 283, Session Laws N.D.1963), the grader had a right to be operating in such lane of traffic.

We are immediately confronted with the rules of the road and the general regulations governing traffic which are applicable in this case, and in particular with Section 39–07–05. Section 39–10–08, N.D.C.C., provides that upon all roadways of sufficient width a vehicle shall be driven upon the right half of the road except on overtaking and passing another vehicle going in the same direction or when the right half of the road is closed for repairs or when the highway is designated as a one-way highway. Section 39–10–04, N.D.C.C., provides that no vehicle shall be driven to the left of the center of the road at any time when approaching a crest in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction. Section 39–07–05, N.D.C.C. (Sec. 6, ch. 283, Session Laws N.D.1963), provided as follows:

"Applicability of Provisions of Chapters.—The provisions of chapters 39–08 through 39–13, and chapter 39–21, applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles owned or operated by this state or any county, district, or other political subdivision of this state subject to such specific exceptions as are set forth in such chapters. The provisions of such chapters shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work upon the surface of a highway and other

procedures that are necessary and are carried on in a safe and prudent manner but shall apply to such persons and vehicles when traveling to or from such work."

 Chapters 39–08 through 39–13, N.D.C.C., apply to all vehicles, including those owned and operated by municipal corporations, except as such vehicles are exempted by Section 39–07–05. This exemption encompasses Section 39–10–14, N.D.C.C., which provides that no vehicle shall at any time be driven to the left side of the roadway when approaching the crest of a grade or upon a curve on the highway, or when the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction. The record discloses that the maintainer was being operated on the left-hand side of a well-traveled highway, while proceeding up a steep grade, with an obstructed view, and without any warning devices of any kind being present except a small red flag mounted on the cab. Under such circumstances, whether such operation was safe and prudent was a question for the jury. This court has held numerous times that questions of negligence, contributory negligence, and proximate cause are questions of fact for the jury unless the evidence is such that reasonable men could draw but one conclusion therefrom. Chicago, M. St. P. & P. R. Co. v. Johnston's Fuel Liners, Inc., 122 N.W.2d 140 (N.D.1963); Gravseth v. Farmers Union Oil Co. of Minot, 108 N.W.2d 785 (N.D.1961); Leonard v. North Dakota Co-op Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576 (1942). The jury in the instant case has found the County negligent and Linington was absolved of any negligence as a passenger. The jury concluded that the County's negligence was the proximate cause of Linington's injuries. In view of the well-settled law in this State as to the limited province of this court in cases which have been tried to a jury, we are bound by the determination of the facts as indicated by the jury's verdict. The record is such that questions of negligence, contributory negligence, and proximate cause were for the jury and we cannot say that the County as a matter of law was not negligent.

 In all tort cases, in order to recover damages suffered, the plaintiff must prove that the defendant was negligent and that his negligence was the proximate cause of the plaintiff's damages. The defendant, after the plaintiff establishes a prima facie case, has the burden of going forward with the evidence to rebut the plaintiff's case. In the instant case, if the County was to avoid liability on the basis of the contributory negligence of Stout and Linington, it had the burden of proving such contributory negligence; likewise, because of the provisions of Section 39–07–05, N.D.C.C., in order to be exempt from the provisions of the statute establishing the rules of the road, it had the burden of proving: first, that it was actually engaged in work on the highway; second, that such work was necessary; and, lastly, that the work was carried on in a safe and prudent manner. This is not a shifting of the burden of proof from the plaintiff but a requirement prescribed by the Legislature upon anyone who desires to be exempt from the rules of the road. When the court instructed the jury as follows:

"Our law further provides that the above stated laws applicable to drivers of motor vehicles upon the public highways do not apply to drivers of vehicles owned by the county while such vehicles are actually engaged in work upon the surface of a highway and other procedures that are necessary and are carried on in a safe and prudent manner.

"The Defendant county, in order to come under the exemption stated above has the burden of proving: (1) that the work upon the surface of the highway was necessary; and (2) that it was carried on in a safe and prudent manner.

"If you find that the Defendant has failed to prove that the work upon the surface of the highway was necessary, or if proved necessary, it has failed to prove that it was carried on in a safe and prudent manner, then the exemption is not applicable, and the county is subject to all the rules and regulations pertaining to every driver of a motor vehicle upon a public highway.",

the court was not finding that the burden of proving the County liable had shifted from Linington. It was merely saying that the County could not avail itself of the exemptions from the application of the rules of the road unless it proved the three things above mentioned. If it failed to prove those things, the violation of the rules of the road remained for the jury to consider as evidence of negligence. That instruction, along with the court's other instructions on negligence and proximate cause, properly advised the jury of its duties. Further, this Court in a previous decision in Linington v. McLean County, 146 N.W.2d 45, 50 (N.D.1966), stated:

"In defending the procedures which were followed in operating the county grader on the left side of the highway, it was necessary for the defendant in this case to show that such equipment was actually engaged in work upon the surface of the highway at the time of the accident, and that such work and procedures were necessary and were being 'carried on in a safe and prudent manner.' "

In light of this decision, the provisions of Section 39–07–05, N.D.C.C., and of all the other instructions given, we hold that the instruction specified as being erroneous was not error.

Another error asserted by the County is the exclusion of the testimony of the grader operator and the county engineer with reference to the methods of maintaining the highways in McLean County. The operator, Zavalney, testified there were no signs or markings of any kind displayed upon the highway to indicate to drivers of other vehicles that maintenance work was in progress or that the road was obstructed. Photographs were introduced in evidence with reference to a flag which had been installed on the grader and which flag extended above the cab of the grader, together with a cross-section or grade profile of the highway showing the undulating topography, together with measurements of the width of the highway.

The County further alleges as error the refusal of the trial court to permit the county engineer to testify concerning the precautions previously taken as well as the instructions and detailed rules furnished to the maintenance personnel, because such evidence should have been admissible to show custom and usage.

█ A review of the record reveals that the court did not err because the question directed to Zavalney was not competent or relevant to the issues in this case. Likewise, the court did not err in refusing to permit the introduction of instructions to the County's highway personnel, and the reasoning of the trial court is correctly stated in its memorandum decision, as follows:

"Defendant attempted to introduce opinion testimony through the county's highway engineer to the effect that the procedure followed by McLean County in maintaining its highways was a safe and prudent procedure. Whether operating a road grader on the left side of the highway is safe and prudent is hardly a determination for an expert. If the facts and circumstances for this determination are not of such common knowledge that the average motorist has, then no subject is within the common knowledge of a motorist or average juror. When we speak about the mechanical function of a machine, the design of a machine or object, or even the design of a particular portion of a highway, we may enter an area that may be beyond the average knowledge and experience of

the average juror and opinion testimony of an expert as to whether or not the machine or object under consideration is safe would be admissible. The McLean County highway engineer may be an expert in reference to highway maintenance, but that does not qualify him as a safety expert. The defendant at no time ever offered to qualify him as a safety expert. The only offer that was made, and which the court denied, was an offer to testify as to the custom or common usage in maintaining the roads in McLean County. This had absolutely nothing to do with the real issue as to whether this custom or common usage is safe and prudent. Just because someone has been doing a certain procedure for twenty years does not necessarily mean that that procedure is safe and prudent. Even if one would concede that the certain procedure was considered safe and prudent at one time does not mean that it is still safe and prudent in 1963 or 1967. The only evidence that was relevant at this trial was what, if anything, was McLean County doing on the day of the accident to make its road maintenance a safe and prudent operation."

An expert may not give an opinion on facts and circumstances which men are capable of understanding and upon which they may form an intelligent opinion. Bischoff v. Koenig, 100 N.W.2d 159 (N.D. 1959).

The County submitted an offer of proof in an attempt to show by Johnson's testimony that procedures were detailed to county maintenance employees. Evidence of general custom or usage ordinarily is admissible on the issue of due care where the conditions existing at the time and place of the accident are similar to those to which such custom relates. It would be admissible not for the purpose of establishing a certain standard on the basis of whether the conduct is to be held negligent or not but merely as evidence to assist the jurors to determine whether the conduct of the

County was, in the particular situation, that of a reasonably prudent man. Schmitt v. Northern Improvement Co., 115 N.W.2d 713 (N.D.1962); 29 Am.Jur.2d Evidence § 319, p. 365.

The County further urges on appeal from the order denying a new trial that the court erred in allowing Linington to testify regarding his schooling, because such testimony excited both the sympathy and prejudice of the jury. Again, the record reveals that Linington testified concerning the nature of his employment at the time of his injuries for the purpose of establishing damages by reason of loss of earnings. Wilson v. Oscar H. Kjorlie Co., 73 N.D. 134, 12 N.W.2d 526 (1944). Linington's testimony was not introduced for the purpose or attempted purpose of establishing his financial condition, such as is mentioned in Thornburg v. Perleberg, 158 N.W.2d 188 (N.D.1968). The evidence adduced at the trial is vastly different from the evidence in the Thornburg case. The County's counsel pursued and, through cross-examination, buttressed most of the evidence which was presented by Linington on direct examination. Thus the County is not now in a position to complain of errors in judgment. The decisions cited by the County in support of this contention are not applicable.

The County further contends that the court committed error at the time Zavalney, the grader operator, was being interrogated by opposing counsel concerning whether the hill was dangerous. The record indicates counsel for the County making an objection but not stating any basis or reason for the objection. Linington's counsel was at the time cross-examining the County's witness, when, as a general rule, he was entitled to considerable latitude in cross-examination. Opposing counsel, while cross-examining, has the duty to elicit from an adverse witness the answers and admissions which are pertinent to the trial of a case. There is no showing by the County that adverse counsel did not proper-

ly employ such tactics. This court has said in Raich v. Lindebek, 36 N.D. 133, 141, 161 N.W. 1026, 1029 (1917):

> "It is the duty of counsel, in stating an objection to evidence, to specify the particular grounds [sic] relied on, unless it is one which could not possibly have been obviated on the trial."

We find that no error was committed by the trial court. Rule 61, N.D.R.Civ.P.

It is next contended by the County that the trial court committed error in refusing to admit Exhibits "K" and "L" in evidence. Captain Orlin C. Bensen, of the North Dakota Highway Patrol, while acting as a witness for the County, was queried by counsel for the County and, as a part of such testimony, certain charts and tables for stopping distances for motor vehicles, marked Exhibit "K", and a North Dakota Driver's Guide, marked Exhibit "L", were offered in evidence. Timely objection to the admission of these exhibits was made. Bensen was permitted by the court to give testimony concerning reaction times and was interrogated by Linington's counsel as well. Neither of these exhibits is a part of the settled statement of the case and should not be considered by the court.

The County also contends that error was committed by the court in sustaining objections by Linington's attorney to certain questions propounded to the County's witnesses. One of the questions was whether the operator of the maintainer did, on occasion, meet cars which went to the right of the grader. The second question involves whether or not the county engineer knew how high the flag was above the cab of the grader. The court, on motion of Linington's counsel to strike the first answer on the grounds of being incompetent, irrelevant, and immaterial, granted the motion and sustained Linington's objection to the second question, upon the county engineer's answering that he did not know the height of the flag above the cab of the grader. We have given careful consideration to the questions asked and the answers elicited and we have reviewed the objections and the rulings which were made by the trial court. These objections and rulings were not in any way prejudicial to the County, and the court did not abuse its discretion in so ruling, especially in view of the fact that the jury had before it certain photographs which assisted the jury in the determination of the case. Further, the County abandoned and did not pursue its line of questioning to secure the requisite testimony from these witnesses.

The County's final contention is that the evidence was insufficient to sustain a verdict for Linington. The County asserts that Linington had established only the occurrence of the accident, the involvement of the road maintainer in the accident, and Linington's injuries. As this court has said many times, it is well established that a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict involves the legal discretion of the trial court to be exercised in the interest of justice. Grenz v. Werre, 129 N.W.2d 681 (N.D.1964); Stokes v. Dailey, 97 N.W.2d 676 (N.D.1959).

The instant case has been fully litigated at two distinct trials and in two different counties in this State. The first trial resulted in a verdict for the County with a subsequent order granting a new trial. Linington secured a favorable verdict in the second trial. Where the case has been tried and the same resulted in a verdict for Linington, the case should not be reopened and tried again unless a careful examination of the record discloses that justice so requires. Campbell v. Russell, 132 N.W.2d 705 (N.D.1965); Grenz v. Werre, supra; Benzmiller v. Swanson, 117 N.W.2d 681 (N.D.1962). We have again examined the evidence and on the facts disclosed by the record the trial court did not abuse its discretion in denying the motion for a new trial, because there is substantial evidence to sustain the verdict of the jury.

The 1963 amendment to Section 39–07–05 (§ 6, ch. 283, Session Laws N.D.1963) was amended by the 1965 Legislative Assembly's enactment of Section 2 of Chapter 266 of the 1965 Session Laws of North Dakota. The new provisions set forth in the 1965 amendment will not be considered, as the same are not determinative of this case.

We will not, therefore, for the reasons stated herein, interfere with the trial court's ruling denying the motion for a new trial on the ground of insufficiency of the evidence.

The order denying the motion for judgment notwithstanding the verdict and for a new trial, and judgment, are affirmed.

ERICKSTAD and KNUDSON, JJ., concur.

TEIGEN, Chief Justice (dissenting).

I dissent. Although the majority have not prepared a separate syllabus adjudicating the challenged instruction set forth in the majority opinion as being proper they have held, as a point adjudicated in the opinion, that it was not error for the court to give the instruction set forth in the third specification of error. The instruction which is challenged is set forth in full in the majority opinion. Succinctly stated, it instructs the jury that the defendants have the burden of proving (1) that the work [engaged in] upon the surface of the highway was necessary; and (2) that the work was carried on in a safe and prudent manner. The majority considered the question on the basis that an affirmative defense was pleaded. I think this approach was erroneous. I do not find that an affirmative defense of exemption by statute from liability is presented by the pleadings or the evidence introduced at the trial.

I feel that the instruction was not only erroneous but that it was also prejudicial.

The 1963 Legislative Assembly enacted Chapter 283 which amended and reenacted Section 39–07–05, N.D.C.C. The amendment became effective July 1, 1963, just prior to the date of the accident in this case. The statute as amended exempted the defendants from the statutory rules of the road as provided in Chapters 39–08 through 39–13 and Chapter 39–21, N.D.C.C., if the driver of the county vehicle was "actually engaged in work upon the surface of a highway" or engaged in "other procedures that are necessary" and if the work or procedures were being carried on in a "safe and prudent manner." The statute was again amended in 1965, Chapter 266, Section 2, 1965 Session Laws, and the parts which have given us a problem in this case were omitted.

The majority have quoted from the first Linington opinion (146 N.W.2d 45) the following paragraph which they use in support of their holding:

"In defending the procedures which were followed in operating the county grader on the left side of the highway, it was necessary for the defendant in this case to show that such equipment was actually engaged in work upon the surface of the highway at the time of the accident, and that such work and procedures were necessary and were being 'carried on in a safe and prudent manner.'"

The paragraph was obiter dictum in that case. It was not a point of law adjudicated and is not contained as a part of the syllabus of that opinion. Syllabus No. 5 in the first Linington case I believe correctly states the law. It provides:

"The question of negligence is always a question for the jury, unless on the whole case reasonable men can draw but one inference therefrom. *Whether operating a grader up an incline in the highway on the left side of the road was 'safe and prudent' under the circumstances was a question of fact for the jury.*" [Emphasis added.]

The same language is contained in the body of the opinion. It also contains a finding

by this Court of the issue for determination by the jury. It is as follows:

"That issue was whether the *operation* by the maintainer in the *manner* in which it was being operated at the time was *'safe and prudent.'*" [Emphasis added.]

Thus it is clear we defined the issue in the first appeal as I define it in this dissent.

The construction placed upon the paragraph quoted above by the majority in this case does not harmonize with Syllabus No. 5 nor does it harmonize with the issue as we defined it in that case. The language employed in the first quote was unfortunate; it had no bearing on the decision in former appeal. Confusion has resulted because of the use of the words "to show," which apparently was interpreted by the trial court and now by the majority of this Court to mean the defendant had the burden of proof to prove all three elements stated in support of their affirmative defense. This was not the intended construction of the language used in the former opinion. The defendant has not pleaded the exemption statute (39–07–05) as an affirmative defense. The affirmative allegations in the defendant's answer merely constitutes a denial of plaintiff's affirmative allegations.

Examination of the pleadings and the evidence adduced at the trial discloses that the only issues presented are: Was the defendant negligent in the operation of the grader while it was engaged in work upon the surface of the highway because it was not being operated in a safe and prudent manner, and was such negligence, if any, a proximate cause of the plaintiff's injuries?

The plaintiff, by his complaint, alleges that the grader was being operated on the left half of the highway but it does not allege that under the rules of the road this was the wrong side of the highway nor does it allege that it was not engaged in work upon the surface of the highway, or that the work that it was engaged in was unnecessary. The gravamen of the plaintiff's complaint is that while the grader was being operated upon the left half of the highway it was being operated "negligently and carelessly and in an unsafe and imprudent manner so that it collided with the motor vehicle in which the plaintiff was riding." It is true the defendant, by its amended answer, alleges that the grader was engaged in maintaining the highway at the time of the collision and that the grading operation was carried on in the left or west lane of the highway, it also alleges that the grader was well marked with a red flag on a staff and was being operated legally and in a careful and prudent manner. By its answer the defendant has merely alleged the negative of the affirmative asserted by the plaintiff in his complaint.

The statute (Section 39–07–05), as it existed at the time this accident occurred, clearly provided that the work upon the highway must be carried on in a "safe and prudent manner." Negligence is the want of that degree of care required by the law. Sections 1–01–14 and 1–01–16, N.D.C.C. Every person is bound without contract to abstain from injuring the person or property of another (Section 9–10–01, N.D.C.C.) and everyone is responsible for injury caused to another person by the lack of ordinary care or skill in the management of his property or person except so far as the injured person willfully or by lack of ordinary care has brought the injury upon himself (Section 9–10–06, N.D.C.C.). Section 39–07–05 exempted the defendant in this case from the rules of the road but in so doing provided and required that the operation must be carried on in a "safe and prudent manner" as a substitute for the rules of the road. It is the claim of the plaintiff that the operation was not carried on in a safe and prudent manner and that, as a result, and without fault of the plaintiff, he was injured. No contention has been made by the plaintiff that the defendant was in violation of the rules of the road as provided by the statutes enumerated in 39–07–05 or that the defendant was not exempt from the rules of the road. The plaintiff

has affirmatively alleged in his complaint and claimed by the evidence introduced the negative of the duty of "safe and prudent" operation placed upon the defendant by the statute (Section 39–07–05, N.D.C.C.) as it then existed, the converse of which can be shown under a general denial. A defendant, by specially pleading matter which he could prove under a denial of the plaintiff's allegations, does not assume the burden of proof as to such matters. 31A C.J.S. Evidence § 104, p. 180.

The plaintiff has the burden of proof to establish to the satisfaction of the jury that the grader was not being operated in a safe and prudent manner to establish his claim. The burden of proof does not shift and if the plaintiff has, by evidence, established a prima-facie case, the burden of going forward with the evidence, often referred to as the burden of evidence, shifts to the defendant. If the defendant can impair the prima-facie quality of the case against him the burden of evidence returns to the party having the burden of proof. This process continues until the stock of relevant facts is exhausted. Midland Oil & Royalty Co. v. Schuler, N.D., 126 N.W.2d 149; Guild v. More, 32 N.D. 432, 155 N.W. 44.

The instruction, insofar as it places the burden of proof upon the defendant to prove careful and prudent operation of the grader, is erroneous and prejudicial. The defendant never has the burden of proving what he may show as a defense under a general denial. Midland Oil & Royalty Co. v. Schuler, supra; Wall v. Zeeb, N.D., 153 N.W.2d 779.

The burden of proof as to the same issues cannot be placed on both sides. Carle v. Nelson, 145 Wis. 593, 130 N.W. 467; De-Hart v. Jenkins, 211 N.C. 314, 190 S.E. 218.

It was also error for the trial court to instruct that the defendant has the burden of proof to establish that the work upon the highway was necessary. Necessity of the work did not become an issue in the trial nor was it raised by the pleadings.

The issues as developed by the pleadings and the evidence raised only one issue. Was the negligence of the defendant, if any, the proximate cause of the injuries sustained by the plaintiff? Upon this issue, the plaintiff has the burden of proof throughout the case, and to instruct the jury that the defendant has the burden to prove that it was not negligent by requiring it to prove safe and prudent operation was prejudicial and calculated to mislead the jury. Therefore, in my opinion a new trial should be granted.

STRUTZ, J., concurs.

### On Petition for Rehearing.

PAULSON, Judge.

McLean County has petitioned this court for a rehearing in this case, based solely on the point of the instructions given by the trial court with regard to the burden of proof required of the County. The only thing newly raised in the petition is the point that since the 1965 Legislature amended the 1963 statute, which was designated as § 39–07–05, N.D.C.C., the Legislature by such amendment must have intended to give the 1963 statute the same meaning. In support of this contention the County asserts that the phrase "other procedures" as included in the 1963 amendment should be considered as separate and distinct from the phrase "work upon the surface" as set forth in the original legislative enactment prior to 1963, and that, accordingly, the phrase "safe and prudent" must of necessity apply to those other procedures, rather than to the work upon the surface of the road. The County therefore concludes from such reasoning that it was not the intent of the 1963 Legislature to place the burden of proof of safe and prudent operations upon governmental units such as the County, where there was actual work upon the surface of the highway, as in the Linington case.

As further support for such a contention the County states that the 1965 Legislature

eliminated the phrase "and other procedures that are necessary and are carried on in a safe and prudent manner", which phrase was contained in the 1963 legislative enactment. The County therefore strenuously urges that it was not the intent of the Legislature to impose such a burden of proof on governmental units.

The County's contentions cannot be sustained. In Eddy County v. Wells County, 73 N.D. 33, 40, 11 N.W.2d 60, 63–64, (1943), a like argument was made by the respondent therein. The respondent argued that the subsequent amendments in the 1939 Session Laws should receive consideration in determining the construction to be placed upon the 1933 Session Laws with reference to residence requirements for poor relief purposes. In response thereto this court said, in an opinion written by Judge Nuessle:

"Nor can we agree with respondent's contention that the subsequent amendments to subsections 4 and 6 as found in chapter 119, Session Laws 1935, and chapter 126, Session Laws 1939, should receive consideration in determining the construction to be put upon chapter 97, Session Laws 1933. These amendments express only the intent and purpose of the legislatures that enacted them and can have no bearing in the instant case."

Likewise, an amendment to a statute usually indicates an intention to change its meaning, based upon the theory that the Legislature is not presumed to do a useless act. 2 Sutherland, Statutory Construction (3rd ed.) § 5110; 82 C.J.S. Statutes § 384(2). Further, the legislative intent that is controlling in the construction of a statute has reference to the Legislature which enacted it, not a subsequent one. Subsequent amendments cannot be considered as indicating the intention of the Legislature in adopting earlier statutes. 82 C.J.S. Statutes § 384, p. 900.

The petition for rehearing is denied.

ERICKSTAD and KNUDSON, JJ., concur.

TEIGEN, Chief Justice, and STRUTZ, Judge (dissenting).

We agree that a rehearing will serve no purpose in this case. The issues were fully considered by the members of this court prior to the issuance of the opinion to which we dissented.